By the Court,

Nelson, C. J.
The first section of the act to abolish imprisonment for debt, Laws of New York, session of 1831, p. 396, expressly provides 'that no person shall be arrested or imprisoned on any civil process, &c., in any suit instituted for the recovery of money due upon any judgment or decree founded upon contract, or due upon any contract [33] express or implied, &e. It is therefore, apparent, that the order of the commissioner to hold to bail,- being in direct violation of the injunction of the act, was nugatory. The second section declares that the first section shall not extend to any person who shall not have been a resident of the state for at least one month previous to the commencement of a suit against him, nor to certain proceedings or certain actions therein specified. This section allows an arrest in certain cases, but to justify it the burden lies on the plaintiff in the suit to show that the case falls within the section. If it be non-residence, the defendant must be shown in fact not to have been a resident for the time specified in the act. The general provision of the act, is that no person shall be imprisoned on any civil process, in any suit instituted for the recovery of money due, upon any contract express or implied. The defendant may repose himself upon the statute, and hold the plaintiff or his attorney responsible, if arrested by their direction, for an invasion of his personal liberty. Whether the officer would be liable for making the arrest, it is unimportant now to express an opinion.
In England, and here until the passage of the act of 1831, it is true an action for false imprisonment would not lie for an arrest in a case where the defendant was privileged (Douglass, 671, 2 Wm. Black. 1190,) because by the general law of the land a defendant was liable to arrest and.could claim an exception only by showing to the court his privilege. (1 Archb. Pr. 76 and 3 Caines, 267.) The writ gave authority to the officer to arrest and hold to bail, until otherwise directed by competent authority, upon facts existing in the particular case (1 Archb. Pr. 76; 1 Salk. 1.) Now since the act of 1831, no authority to arrest exists here, except in the cases specified in the second section; and the plaintiff and his attorney, therefore, must see to it, that the defendant is liable to an arrest before a direction for his arrest or that he be held to bail, be given.
Judgment for plaintiff.