## SIBLEY *vs.* HOWARD.

A justice of the peace must enter judgment upon the verdict of a jury immediately upon its being rendered; and if he omit to do so until the next day, no judgment can be given by him.

Determining the amount of costs to be paid by the losing party is parcel of the act of rendering judgment.

Accordingly, where a justice upon a verdict being given, immediately entered it in his docket, but omitted to set down the items of costs until a subsequent day, and did not foot up the amount until eight days afterwards, *held* erroneous, and the judgment was reversed.

ERROR to Monroe C. P. Sibley sued Howard before a justice of the peace, for an injury alleged to have been done by the defendant to the plaintiff's building, while the defendant occupied it as a tenant. There was a trial by jury on the *first* day of July, 1842, and the jury rendered a verdict for the defendant, which the justice immediately entered in his docket; but he made no further entry on that day. Within four days after the verdict, the justice made an entry of the items of costs; but did not foot up the items until the *ninth* day of July. The amount was $3,11. On certiorari, the C. P. affirmed the judgment, and the plaintiff now brings error.

*H. Gay*, for the plaintiff in error.

*W. S. Bishop*, for the defendant in error.

*By the Court*, BRONSON, Ch. J. On receiving the verdict of a jury, it is the duty of the justice *forthwith* to render judgment, and enter the same in his docket. But when there is no jury, and the justice is himself to decide, he has *four days* after the case has been submitted, to render his judgment. (2 *R. S.* 247 § 124.) In the latter case, we have held that the justice must decide within the four days, or his power to render judgment will be at an end. (*Watson* v. *Davis*, 19 *Wend.* 371. And see *Young* v. *Rummell*, 5 *Hill*, 60.) This case falls substantially within the same principle. Except as to the time within which the

justice is to act, the language of the statute is the same in both cases; and if in the one case a judgment cannot be rendered after the four days have elapsed, I do not see how it can be done in the other, after a single day has gone by. *Although the verdict settled the rights of the parties in relation to the matter in controversy, there was still a judicial duty to be performed by the justice.* He was to render judgment; and in doing so, he had to determine what amount of costs should be recovered by the prevailing party. Taxing costs is a judicial act. (*Supervisors of Onondaga* v. *Briggs,* 2 *Denio,* 26.) That distinguishes this case from *Hall* v. *Tuttle,* (6 *Hill,* 38,) where the justice immediately rendered a complete judgment, which was entered in his minutes, and nothing remained to be done but the ministerial act of transcribing the entry from the minutes to the docket. As to the entry in the docket, we thought the statute might be regarded as directory: but as to the judicial act of rendering judgment, we had already held that the statute was imperative, and must be followed. In this case, the judgment was not complete—the judicial labors of the justice were not terminated—until eight days had elapsed after the verdict. What the justice then did was *coram non judice,* and cannot be supported.

Judgments reversed.