# COURT OF APPEALS.

JAMES S. CARPENTER agt. JAMES S. WILLETT, administrator of JAMES C. WILLETT, sheriff, &c., deceased.

If *process*, by virtue of which a defendant is arrested and imprisoned is *void*, an action against the sheriff for his *escape* cannot be supported.

Justices of the *district courts* in the city of New York have no authority to issue *execution against the person*, upon being satisfied by evidence *after judgment*, and *ex parte*, that the case is one for the *arrest and imprisonment* of the defendant. An execution issued in such a manner is *void*.

A justice in these courts must *adjudge* that the case is one in which the party is *subject to arrest*, and the *right to arrest must be stated in the judgment*, and form a part thereof. This is a part of his judicial labor and duty. It is a limitation of jurisdiction, and not a statutory direction to the officers of the court. *After judgment* the justice has no jurisdiction; he is *functus officio*.

Neither have the district courts any power to *amend their judgments*. They can do nothing requiring the exercise of *discretion*. Having rendered judgment, they are from that time mere ministerial officers.

*Argued September*, 1864. *Decided December*, 1864.

Carpenter agt. Willett.

APPEAL from the judgment of the superior court of the city of New York.

JOHN K. PORTER, *for appellant.*
A. J. VANDERPOEL, *for respondent.*

WRIGHT, J.   If the process by virtue of which Doughty was arrested and .imprisoned was void, an action for his escape could not be supported.   That the process is void is a defence to the sheriff, upon the principle that having no right to detain the defendant, the creditor has lost nothing by the escape. (*Phelps* agt. *Barton,* 13 *Wend. R.* 68; *Horton* agt. *Hendershot,* 1 *Hill,* 118; *Abner* agt. *Ward,* 8 *Mass. R.* 79; *Constant* agt. *Chapman,* 2 *Queen's Bench R.* 771.)

The question therefore is, was the execution by which Doughty was taken issued with or without authority ?   If unauthorized, then the plaintiff cannot complain that the officer suffered one unlawfully detained to escape.   The execution for which he was arrested and committed to the custody of the defendant as sheriff of New York, issued out of the third district court of the city.   On the 15th September, 1857, the plaintiff as assignee of one Thomas France, brought a suit against Doughty, in the district court. After successive adjournments the case was tried, and on the 12th of November, 1857, the justice rendered judgment against the defendant for $250 damages, and $17.50 costs, and the same was entered in the docket.

It was not stated in this judgment that the defendant was subject to arrest and imprisonment therein.   The day following the rendition of the judgment, the plaintiff made affidavit " that judgment has been rendered for the plaintiff," &c., and on that affidavit the justice indorsed, " execution against the body to issue—Wm. B. Meech.   Issued November 13, 1857."   The clerk noted in the docket this order of the justice, and issued execution accordingly to a

constable, who made the arrest. The proceeding is claimed to be without legal justification, and I think rightly. The act of April, 1857, entitled an " act to reduce the several acts relating to the district courts in the city of New York into one act," proceeds as follows : " When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment therein, it must be so stated in the judgment, and entered in the docket " (*Laws of* 1857, *ch*. 344, § 50).

This means that the justice must adjudge that it is a case in which the party is subject to arrest, and the right to arrest must be stated in the judgment ; in other words form a part thereof. It is a part of his judicial labor and duty. The provision cannot be regarded as merely directory as to the mode of proceeding, or preserving the record of the district court. The duty being judicial in its nature, the statute requiring the act to be done is imperative. (*Brackett* agt. *Eastman*, 17 *Wend.* 32 ; *Sibley* agt. *Howard*, 3 *Denio*, 72.) It is a limitation of jurisdiction, and not a statutory direction to the officers of the court. If the provision related exclusively to the ministerial act of making an entry in the docket (which in this case was to be done by the clerk), it would be otherwise. It was no part of the judgment rendered on the 12th of November, that Doughty was subject to arrest and imprisonment. The right to arrest was not passed upon by the justice. However, the day following the rendition of the judgment, on an affidavit of the plaintiff that Doughty had received the money for which the judgment was obtained in a fiduciary capacity, the justice ordered execution to issue against his person. This subsequent proceeding cannot be supported. On the 13th of November, the justice had no jurisdiction to act. He was *functus* · *officio*. What he did was not merely irregular but void. He had no more right to order an execution against this person on the day after he had rendered judgment, than he would have had three months

thereafter.   The district courts are of limited jurisdiction, and can only act in the mode pointed out by statute.   We will .look in vain for any provision in the act of 1857, remoddeling their courts and their jurisdiction, for authority for this latter proceeding.   There is nothing authorizing the justice to issue an execution against the person, upon being satisfied by evidence after judgment and *exparte*, that the case is one for the arrest and imprisonment of the defendant.   On the contrary, this feature of the non-imprisonment act of 1831, was expressly repealed as to the district courts in New York, by the district court act of 1857 (*Laws of* 1836, *p.* 403, § 30; *Laws of* 1857, *ch.* 344, § 81), altogether another jurisdiction was conferred. . it was made as much the duty of the justice to pass upon the defendant's liability to an arrest, as upon his liability in the action, and to embody his judicial conclusion in his judgment.   ·Not having done this when the judgment was rendered, he could not afterwards amend it in this respect. The district courts have no power to amend their judgments even if the proceedings of the 13th of November could be regarded as an attempt to amend.   They can do nothing requiring the exercise of discretion.   Having rendered judgment, they are from that time mere ministerial officers.   But even if the power to amend existed, what was done the day following the rendition of the judgment was of no avail and void.

The statute prescribes that the defendant may be arrested and imprisoned in certain cases, and that the right to arrest shall be stated *in* the judgment; that is, shall form a part thereof, and no other order or form of order could satisfy the requirement.   When it is stated *in* the judgment, it is the subject of review on appeal, .and it is the only way in which the question may be reviewed on appeal.   It was manifestly intended by the provision to secure to the defendant the right of appeal from an adjudication of the inferior court involving his personal liberty.   Cases are

Carpenter agt. Willett.

specified in the statute where the defendant is subject to arrest and imprisonment (§ 16), and if it be a case where the defendant may be arrested, the execution issued by the clerk for the enforcement of the judgment, may direct the officer to arrest and commit him to the jail of the county until he pay the judgment, or is discharged according to law (§ 52). This execution issues of course, and there is no provision as in the non-imprisonment act of 1831, for ascertaining by proof *ex parte*, after judgment, whether it be a case for an execution against the body, nor was any necessary. It was not left to the discretion of the justice or clerk, from which there could be no appeal, to determine upon an *ex parte* hearing after judgment, whether it was a case under the statute in which execution should go against the body. It must be determined by the judgment rendered in the action whether it be such a case, or there is no provision for determining it at all, and being made part of the judgment, the right of appeal on this ground is secured to the defendant.

I am of the opinion therefore, that the case was properly disposed of in the court below. Doughty was arrested and detained by void process, and no action can be maintained by the plaintiff against the defendant as sheriff, for suffering him to escape. I believe the proposition to be universally true, that wherever the process by which one is arrested is void, no action can be supported for his escape. When the process is void, the creditor has no just ground of complaint that the person of his debtor is not holden in custody by it.

The judgment of the superior court should be affirmed.