THE PEOPLE OF THE STATE OF NEW YORK, *on the relation of* JESSE B. COLES, *against* JOHN CALLAHAN, Justice of the First District Court of the City of New York.

## [SPECIAL TERM.]

(Decided January 9th, 1878.)

A writ of mandamus will not be granted to compel a justice of a District Court in the city of New York to insert in a judgment already rendered by him a statement that the defendant against whom it is rendered is subject to arrest and imprisonment, since the entry of the judgment required by the facts of the case is a judicial and not a ministerial act, and the remedy for a failure of the justice to enter the proper judgment is by appeal, and since also the justice after having entered the judgment is *functus officio*, and a subsequent entry on his docket to the effect that the defendant was subject to arrest and imprisonment would be void.

APPLICATION for a mandamus to John Callahan, the justice of the First Judicial District Court, in the city of New York, to compel him to enter in his judgment in the case of *Jesse B. Coles* v. *John Hannegan* the statement that the defendant, Hannegan, was subject to arrest and imprisonment.

The facts are stated in the opinion.

*Jeroloman & Arrowsmith*, for motion.

*Hall & Blandy*, opposed.

JOSEPH F. DALY, J.—Coles sued Hannegan in the District Court upon a claim for goods sold and delivered. The action was commenced by a warrant of arrest upon the ground that the debt was fraudulently contracted. The defendant was arrested and brought into court; no motion was made to discharge the warrant; issue was joined as to the debt and judgment rendered in favor of the plaintiff for $180, the amount of the claim, and $17 50 costs; the plaintiff asked the justice to state in the judgment and enter in the docket that the judgment was one wherein the defendant was subject to arrest and imprisonment, which the justice refused to do, and the plaintiff excepted. The plaintiff now applies for a mandamus to the justice to compel him to make the statement requested, and which is required by the statute in order to authorize an execution against the person in a case where an order or warrant of arrest has been issued and is not vacated.

I am not required here to decide whether the justice decided correctly in refusing to make his judgment as requested by plaintiff; for the reason that this is not the tribunal to review the ruling of the officer. The statement by a justice that the defendant is subject to arrest is part of his judgment; he must pass upon that question with the other questions in the case and render judgment accordingly. His act is a judicial and not a ministerial one in deciding and stating as the statute requires. ( *Carpentier* v. *Willett*, 31 N. Y. 90; reported more fully in 28 How. Pr. 225.) If the jus-

tice decides that the defendant is subject to arrest his decision is the subject of review upon appeal. (*Ib.*) Conversely, if he pass upon the question and decide the other way the plaintiff may appeal. This court cannot order a judgment one way or the other by mandamus. Besides, after rendering his judgment the justice is *functus officio*, and a subsequent decision and entry on his docket that the defendant is subject to arrest would be void. (*Carpentier* v. *Willett*, *supra*.)

Application denied with costs.