IDA S. HARRISON, Respondent, v. THE UNION TRUST COMPANY of
New York, Appellant, Impleaded with Others.

*Mortgage foreclosure, when pending — amendment of the judgment therein — it can-
not be attacked collaterally — bonds secured by a trust mortgage — action to compel
the conveyance by the trustee of the mortgaged premises — parties thereto.*

In an action brought for the foreclosure of a mortgage, until the sale of the
mortgaged property is consummated, and the order confirming the sale is
entered, the action is pending before the court, and any order made by the
court for the amendment of the judgment therein, although erroneous and
improperly granted, cannot, in another action in which the parties to the fore-
closure action are parties, be treated as void, provided the court had jurisdiction
of the parties, and the subject-matter embraced in the foreclosure action.

The remedy is by motion to vacate such order, and a party who has acquiesced
in the judgment, as amended, cannot question it in another action.

The holders of bonds secured by a mortgage upon real estate are persons inter-
ested in having the sale of the mortgaged property consummated, and they
are sufficiently interested to maintain an action to compel an accounting by the
trustee named in such bonds and mortgage, and to obtain a judgment that such
trustee shall execute and deliver a conveyance of the mortgaged property to a
purchaser thereof, as directed by the judgment in an action brought for the
foreclosure of the mortgage; the purchaser of the property at the foreclosure
sale is a proper but not a necessary party to such action.

APPEAL by the defendant, The Union Trust Company of New
York, from an interlocutory judgment of the Supreme Court in
favor of the plaintiff, entered in the office of the clerk of the county
of Rensselaer on the 27th day of March, 1894, upon the decision of
the court rendered after a trial at the Albany Special Term over-
ruling the demurrer of the defendant, The Union Trust Company
of New York, to the complaint.

This action was brought by one of the holders of certain railroad
bonds, secured by a mortgage on real estate, in behalf of herself and
of the other bondholders, to compel an accounting of the trust prop-
erty, and to obtain an adjudication that the trustee of such bonds
and the mortgage which secured the same, execute and deliver a
conveyance as directed by the judgment in an action brought for
the foreclosure of such bonds and mortgage.

*Wheeler H. Peckham,* for the appellant.

*E. W. Paige,* for the respondent.

Per Curiam:

The demurrer admits the allegations in the complaint, that in the action brought by Aaron R. Stevens against James C. Hall and others, in which defendant, the Union Trust Company of New York, the mortgagee in the mortgage sought to be foreclosed, was a party defendant, judgment was entered on November 10, 1891, and the order for the amendment thereof on April 5, 1892. That a copy of said judgment and order for the amendment were served on the trust company on May 20, 1892, after the foreclosure sale but before the consummation thereof. That the trust company had refused to obey the direction contained in the amended judgment except upon payment of $5,000.

Until the sale was consummated and the order confirming it entered the "Stevens" action was pending before the court, and we are of the opinion that _any order_ made by such court for an amendment of the judgment, although erroneous and improperly granted, cannot in this action be treated as void. It was an order made in an action in which defendant was a party. The court had jurisdiction of the parties and the subject-matter of the action. If the order in question was erroneous the remedy of the trust company was by motion to vacate it. (_Stannard_ v. _Hubbell_, 123 N. Y. 520, 526, 527; _Audubon_ v. _The Excelsior Ins. Co._, 27 id. 221.) Having acquiesced in the judgment, as amended, it is not for the trust company in this action to claim that such amended judgment is void.

We are not prepared to hold that the order in question was improperly or erroneously granted, if we could properly consider that question in this action. (See _The Union Trust Co. of New York_ v. _Wm. H. Olmsted_, 102 N. Y. 729; _Muller_ v. _Dows_, 94 U. S. 444, 449, 450.) But, as above suggested, the order of the Supreme Court in the "Stevens" action for the amendment of the judgment should not be reviewed in this action.

Therefore, when this action was commenced, a judgment in an action in the Supreme Court, in which the Union Trust Company of New York was a party for the foreclosure of the mortgage in question, required the trust company to execute a conveyance to the purchaser at the mortgage sale. It has refused to do so. Hence it is plain that the trust has not been fully executed, and also that the

declination of the trust company to obey the order of the court to execute a conveyance affords a ground for its removal as trustee ; at least a court on trial might deem such refusal of defendant to execute a deed, in connection with other facts stated in the complaint, sufficient to justify such a removal.

We are also of opinion that plaintiff, as owner of the bonds secured by the mortgage sought to be foreclosed in the " Stevens " action and entitled to her *pro rata* part of the proceeds thereof, had a sufficient interest to maintain the action.   She is interested in having the sale consummated.   In fact the holders of bonds secured by the mortgage in question are the only persons interested.   The purchaser at the mortgage sale although, perhaps, a proper, was not a necessary party, and as no objection was made in the demurrer to the complaint on the ground of a defect of parties the omission of such purchaser as a party defendant does not prevent the maintenance of the action.

Without considering other questions involved, we think the judgment in the case should be affirmed, with costs.   The appellant desiring to submit the question involved to the Court of Appeals the certificate provided for by subdivision 4, section 190 of the Code of Civil Procedure will be granted.

The same disposition should be made of the similar case of *Aaron R. Stevens and Andrew A. Douglas* v. *The Union Trust Company of New York and Others.*

Present—MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.