92h 457
60ad514
92h 457
62ad439

FREDERICKA BEITZ, Appellant, *v.* ADALINE H. FULLER and FERDINAND H. DUCKWITZ, Respondents.

*Judgment — amendment of, to what extent proper.*

A court has power to amend a judgment at any stage of the action in order to correct a mistake or to conform the judgment to the decision actually made, but such power is limited to corrections which do not involve matters of substance and should not be exercised to meet some subsequent legal or equitable exigency, nor should it be employed to limit the legal effect of the judgment.

APPEAL by the plaintiff, Fredericka Beitz, from that portion of an order of the Supreme Court, made at the Erie Special Term and

entered in the office of the clerk of the county of Niagara on the 4th day of September, 1895, which amended the decision in this action made by the justice before whom the same was tried; also, from that part of said ·order which amends the judgment in said action by inserting therein the provision that the parties thereto were left to their appropriate actions "for damages, if any," and from that part of said order which amends said judgment so that it does not conform to the decision originally filed in the action.

This action was brought to rescind a contract for the sale of land upon the ground of fraud.

The defendant Fuller, in her answer to the amended complaint, set forth certain facts constituting her defense, and demanded a specific performance of the contract. Afterwards, and by leave of the court, she served an amended answer, which, instead of praying for specific performance, set forth other facts, and demanded judgment for damages for a breach of the contract.

The issues thus joined came on for trial before the court, at a Special·Term thereof, and the trial justice, in his decision, found, as a conclusion of law, that the plaintiff had failed to maintain her action, and that the defendant Fuller was not entitled to recover any damages in this action, and remitted the parties to their appropriate actions to enforce the contracts and agreements between them.

The judgment subsequently entered failed to adjudge that the defendant Fuller was not entitled to recover any damages in this action, and that no relief was granted to any of the parties, and the court thereupon, upon the plaintiff's motion, amended the judgment so as to conform to the decision by adding this provision, and then, upon its own motion apparently, further amended both the decision and judgment in such manner as that they now provide that the parties are remitted to their appropriate actions for damages, if any, or to enforce the contracts and agreements between them, instead of being left to their appropriate actions for enforcement of contracts merely. From so much of the order as contains this additional amendment, the plaintiff appeals to this court.

*George C. Miller,* for the appellant.

*Root, Orton & Baldwin,* for the respondents.

ADAMS, J.:

It is a well-settled rule of practice that courts have sufficient control over their own judgments to amend them at any stage of an action in order to correct a mistake or conform them to the decisions actually made. (Code Civ. Proc. § 723; *Produce Bank* v. *Morton,* 67 N. Y. 199; *The N. C. Bank of N. Y.* v. *The N. Y. G. Ex. Bank,* 97 id. 645.) But such power is limited to corrections which do not involve matters of substance, and its exercise is not permitted to meet some legal or even equitable exigency to which the court's attention may be called at a subsequent stage of the action, nor where it will limit the legal effect of a judgment. (*Stannard* v. *Hubbell,* 123 N. Y. 520.)

The correctness of the plaintiff's contention depends, therefore, upon which of these two classes of amendments the one she complains of belongs to.

This case affords a very apt illustration of an amendment which is clearly permissible.

The trial court, in its second conclusion of law, determined "that the defendant Adaline Fuller is not entitled to recover any damages in this action," and that no relief should be granted to any of the parties thereto, but, by inadvertence, this conclusion was not incorporated into the judgment, and all the parties concede that this mistake is one which the court was called upon to correct upon motion.

This being so, in what sense is the additional amendment obnoxious to the rule which confines the power to amend within certain limitations? The objection apparently relied upon by the plaintiff is that the judgment prior to its amendment was an adjudication, in effect, that the defendant Fuller, having by her first answer elected to affirm her contract and pray for its enforcement, could not, thereafter, ask for its rescission and demand damages. It will be observed, however, that this question is not specifically determined by either the decision or the judgment, and whether either is to be regarded as equivalent to an adjudication is at most a matter of inference or construction to be hereafter decided. Without any design to forestall the disposition to be made of the question, should it ever arise, it may be suggested, in connection with its present consideration, that the learned trial justice found as a fact that the defendant

Fuller's damages, if any were sustained, accrued subsequent to the commencement of the action, and as he denied her right to recover any damages in this action, it may be that, although sitting as a court of equity, he reached this conclusion because of the fact above stated    The amendment which he subsequently allowed would seem to indicate that he did entertain that opinion, and, if so, then it was a proper one to make, for it simply conformed his conclusion of law to the finding of fact.

But, in any event, it is difficult to see how the correction of either the decision or the judgment can be regarded as very material, for, if they even adjudicated the question of an election of remedies, the change made does not limit or modify their effect in that particular, but leaves the case practically where it stood before.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

LEWIS and BRADLEY, JJ., concurred; WARD, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.