In the Matter of the Application of The People of the State of New York ex rel. Rebecca Rosenzweig, Appellant, for a Peremptory Writ of Mandamus against Thomas Costigan, Clerk of the Municipal Court of the City of New York, Manhattan Borough, Eighth District, Respondent.

*Municipal Court of New York city — execution against the person — when not issued on a judgment for services of a female.*

A clerk of the Municipal Court of the city of New York has no authority to issue an execution against the person of a defendant upon the return unsatisfied of an execution against his property issued upon a judgment for a sum not exceeding fifty dollars, recovered by a female for services performed by her, as he is directed to do by section 1405 of the Consolidation Act,* where the judgment and docket do not contain a statement that the defendant is subject to arrest and imprisonment thereon as required by section 1386 of that act, and the judgment erroneously states that the application for a body execution has been denied.

Appeal by the relator, Rebecca Rosenzweig, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of May, 1900, denying her motion for a peremptory writ of mandamus commanding the respondent to issue an execution against the person of John Gotlieb.

*Stanislaus N. Tuckman*, for the appellant.

*George W. Gibbons*, for the respondent

Rumsey, J. :

The papers show that the appellant brought suit against one Gotlieb in the Municipal Court in the eighth district for services as a midwife, and recovered a judgment for thirty dollars on which an execution against property was issued in due form and returned unsatisfied. She then applied to the clerk of the proper district for an execution against the person, which he declined to give ; and she makes this motion for a mandamus to compel him to issue such an execution.

By section 1405 of the Consolidation Act it is provided that in an action brought in the District Court by a female to recover for services performed by her, if she recovers a judgment for a sum not exceeding fifty dollars, and if an execution against property is returned

* Laws of 1882, chap. 410.— [Rep.

wholly or partly unsatisfied, the clerk must, on the application of the plaintiff, issue an execution against the person of the defendant for the sum remaining uncollected. This section, with others respecting the practice of the Municipal Court, was preserved by the Greater New York charter (§ 1369), and undoubtedly it entitled the plaintiff in an action named therein to an execution against the person. But the practice with respect to issuing the execution is not fixed by that section, but must be sought in other sections of the Consolidation Act which are still in force. By section 1386 of that act it is provided that when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket. This section we think applies to the case referred to in section 1405. When the case is tried it will appear from the pleadings and the proof whether it is one which is within the provisions of the last-cited section; and when those facts appear, the justice who renders the judgment should cause the proper entry to be made in the judgment as provided in section 1386. Such an entry in the judgment and on the docket is conclusive upon the clerk of the right to a body execution after the execution against property has been returned unsatisfied. The duties of the clerk in such matters are purely ministerial. He is not called upon to examine into the pleadings or the proof to ascertain whether the case is one which falls within the provisions of section 1405; but that question should be decided by the court before whom the trial is had, and its decision should be stated in the judgment, as provided in section 1386. Unless that is done, the clerk has no authority to issue a body execution. It is quite possible that the entry in the judgment in this case to the effect that the application for an execution against the person is denied, is an error which would have been corrected upon appeal. But as long as that statement appeared in the judgment, the clerk had no authority to disregard it and to issue a body execution.

For these reasons the order must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.