(54 App. Div. 186.)

## In re ROSENZWEIG.

(Supreme Court, Appellate Division, First Department. October 19, 1900.)

EXECUTION AGAINST THE PERSON—ISSUANCE BY CLERK—MANDAMUS.
>    Consol. Act, § 1405, provides that where, in an action in a district court by a female to recover for services performed by her, a judgment is obtained for less than $50, and execution against property is returned unsatisfied, the clerk, on application, must issue execution against defendant's person; and section 1386 directs that, when a judgment is rendered in a case in which defendant is subject to arrest, it must be so stated in the judgment. *Held*, that a female, having a judgment under $50 on which execution against property has been returned unsatisfied, cannot compel the clerk to issue a body execution, where the judgment does not state that defendant is subject to arrest.

Appeal from special term, New York county.

Application for mandamus by Rebecca Rosenzweig against Thomas Costigan, clerk of municipal court, Eighth district of Manhattan. From an order denying the writ, applicant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

S. N. Tuckman, for appellant.

George W. Gibbons, for respondent.

RUMSEY, J. The papers show that the appellant brought suit against one Gottlieb in the municipal court in the Eighth district for services as a midwife, and recovered a judgment for $30, on which an execution against property was issued in due form, and returned unsatisfied. She then applied to the clerk of the proper district for an execution against the person, which he declined to give, and she makes this motion for a mandamus to compel him to issue such an execution.

By section 1405 of the consolidation act, it is provided that, in an action brought in the district court by a female to recover for services performed by her, if she recovers a judgment for a sum not exceeding $50, and if an execution against property is returned wholly or partly unsatisfied, the clerk must, on the application of the plaintiff, issue an execution against the person of the defendant for the sum remaining uncollected. This section, with others respecting the practice of the municipal court, was preserved by the Greater New York charter (section 1369), and undoubtedly it entitled the plaintiff in an action named therein to an execution against the person. But the practice with respect to issuing the execution is not fixed by that section, but must be sought in other sections of the consolidation act which are still in force. By section 1386 of that act, it is provided that, when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket. This section, we think, applies to the case referred to in section 1405. When the case is tried, it will appear from the pleadings and the proof whether it is one which is within the provisions of the last-cited section; and, when those facts appear, the justice who renders the judgment should cause the proper entry to be made in the judgment, as provided in section 1386. Such an entry in the judgment and on the docket is conclusive upon the clerk of the right to a body execution after the execution against property has been returned unsatisfied. The duties of the clerk in such matters are purely ministerial. He is not called upon to examine into the pleadings or the proof to ascertain whether the case is one which falls within the provisions of section 1405, but that question should be decided by the court before whom the trial is had, and its decision should be stated in the judgment, as provided i section 1386. Unless that is done, the clerk has no authority to issue a body execution. It is quite possible that the entry in the judgment in this case, to the effect that the application for an execution against the person is denied, is an error which would have been corrected upon appeal. But, as long as that statement appeared in the judgment, the clerk had no authority to disregard it, and to issue a body execution. For these reasons, the order must be affirmed, with $10 costs and disbursements. All concur.