KLING v. WALSH, Justice, et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

MANDAMUS—MUNICIPAL COURT JUSTICE AND CLERK—DUTY TO MODIFY JUDGMENT —STATUTE.

 Under Consol. Act, § 1386, prescribing that, when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment, and entered in the docket, and Code Civ. Proc. § 723, permitting the court to amend any process or other proceeding by correcting a mistake in the name of a party, or a mistake in any other respect, mandamus will not lie to compel a justice and clerk of the municipal court of the city of New York to amend their judgment by stating therein that the defendant was subject to arrest and imprisonment thereon.

Appeal from special term, Kings county.

Mandamus, on the relation of Martha Kling, against John J. Walsh, justice, and another. From a judgment denying relator's motion for a peremptory writ of mandamus, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

M. A. Lesser, for appellant.
William J. Carr, for respondents.

JENKS, J. This is an appeal from an order of the special term denying a motion by plaintiff in an action in a municipal court for a peremptory writ of mandamus to a municipal court justice and a municipal court clerk, that the justice should state in a judgment theretofore entered in the action tried before him that the defendant was subject to arrest and imprisonment thereon, and that the clerk should make an entry to that effect in the docket of the judgment, and should also issue an execution in accordance. Application for the relief sought by this proceeding was first made to the justice and to the clerk, and upon their refusals this motion was made. The action was

for services rendered by plaintiff's assignor to defendant as "seam-stress, housekeeper, and general house worker," and the judgment was for $40 and costs. Section 1405 of the consolidation act provided that, if the recovery in such an action does not exceed $50, and if an execution against the property is returned wholly or partly unsatisfied, the clerk, upon application of the plaintiff, must issue an execution against the person for the sum remaining uncollected. Section 1386 thereof reads: "When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment entered in the docket." These sections were preserved by section 1369 of the Greater New York charter. I am of opinion that Justice Walsh and Clerk Moran were justified in their refusals. Section 1386 of the consolidation act is a revision of section 50 of chapter 344 of the Laws of 1857, and therefore Carpenter v. Willett, 31 N. Y. 90, reported in full in 28 How. Prac. 225; People v. Callahan, 7 Daly, 434; Coles v. Hannigan, 8 Daly, 43,—are authorities which sustain my opinion. The learned counsel for the appellant would meet the force of these decisions by the plea that the powers of the municipal court justices have been enlarged by chapter 748 of the Laws of 1896. This is true, but unimportant to this appeal, unless the enlarged powers embrace authority to do what appellant sought to have done. It is urged that under the terms of that statute a motion may be made to modify a judgment rendered in the municipal court for causes specified in section 999 of the Code, and that sections 723 to 728 thereof, inclusive, are made to apply to these courts. But section 999 has no application, for it relates only to a judge presiding at a trial by jury. Section 723 of the Code of Civil Procedure permits a court to amend any process, pleading, or other proceeding by adding or striking out the name of a person as a party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved. This section was intended to confer power on the courts to correct mistakes of the character indicated, where the substantial rights of the parties are not affected. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770. But it was said in Carpenter v. Willett, supra, that the provision in question (i. e. section 50 of chapter 344, Laws 1857, which is substantially section 1636 of the consolidation act) means that:

"The justice must adjudge that it is a case in which the party is subject to arrest, and the right to arrest must be stated in the judgment; in other words, form a part thereof. It is a part of his judicial labor and duty. The provision cannot be regarded as merely directory as to the mode of proceeding, or preserving the record of the district court. The duty being judicial in its nature, the statute requiring the act to be done is imperative. Bracket v. Eastman, 17 Wend. 32; Sibley v. Howard, 3 Denio, 72. It is a limitation of jurisdiction, and not a statutory direction to the officers of the court. * * * It was no part of the judgment rendered on the 12th of November that Doughty was subject to arrest and imprisonment. The right to arrest was not passed upon by the justice. * * * This subsequent proceeding cannot be supported. On the 13th of November, the justice had no jurisdiction to act. He was functus officio. * * * It was made as much the duty of the

justice to pass upon the defendant's liability to an arrest as upon his liability in the action, and to embody his judicial conclusion in his judgment. Not having done this when the judgment was rendered, he could not afterwards amend it in this respect."

I think, therefore, that such an amendment of the judgment as is sought is not within the purview of section 723 of the Code. Beitz v. Fuller, 92 Hun, 457, 36 N. Y. Supp. 950; Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084. So far as the application concerns the clerk, I am of opinion that it is disposed of by People v. Costigan, 54 App. Div. 186, 66 N. Y. Supp. 376.

The order should be affirmed, but, under the circumstances, without costs. All concur.