In the Matter of the Application of MARTHA KLING, Judgment Creditor, for a Writ of Mandamus against JOHN J. WALSH, Justice, and EDWARD MORAN, Clerk of the First Municipal District Court, Borough of Brooklyn.

MARTHA KLING, Appellant; JOHN J. WALSH, Justice, and EDWARD MORAN, Clerk of the First Municipal District Court, Borough of Brooklyn, Respondents.

*Municipal Court of New York city — judgment that "the defendant is subject to arrest" — entry by the clerk to that effect in the docket and issue of an execution against the person — neither can be compelled by mandamus.*

Section 1386 of the Consolidation Act (Laws of 1882, chap. 410), now applicable to the Municipal Court of the city of New York, which provides: "When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket," imposes upon the court a judicial duty to determine whether the defendant "is subject to arrest and imprisonment." If the judgment, as entered, does not contain such an adjudication, the justice cannot be required by mandamus to insert it therein.

Such an amendment of the judgment is not within the purview of section 723 of the Code of Civil Procedure.

In such a case the clerk of the court cannot be compelled to make an entry in the docket of the judgment to the effect that the defendant is subject to arrest and imprisonment, or to issue an execution against the defendant's person, under section 1405 of the Consolidation Act.

APPEAL by the relator, Martha Kling, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of January, 1901, denying the relator's application for a peremptory writ of mandamus.

*M. A. Lesser*, for the appellant.

*William J. Carr*, for the respondents.

JENKS, J.:

This is an appeal from an order of the Special Term denying a motion by plaintiff in an action in a Municipal Court for a peremptory writ of mandamus to a Municipal Court justice and a Municipal Court clerk, that the justice should state in a judgment theretofore entered in the action tried before him that the defendant was subject to arrest and imprisonment thereon, and that the clerk should

make an entry to that effect in the docket of the judgment, and should also issue an execution in accordance. Application for the relief sought by this proceeding was first made to the justice and to the clerk, and upon their refusals this motion was made. The action was for services rendered by plaintiff's assignor to defendant as "seamstress, housekeeper and general house worker," and the judgment was for forty dollars and costs. Section 1405 of the Consolidation Act (Laws of 1882, chap. 410), provides that if the recovery in such an action does not exceed fifty dollars, and if an execution against the property is returned wholly or partly unsatisfied, the clerk, upon application of the plaintiff, must issue an execution against the person for the sum remaining uncollected. Section 1386 thereof reads : " When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket." These sections were preserved by section 1369 of the Greater New York charter (Laws of 1897, chap. 378). I am of the opinion that Justice WALSH and Clerk Moran were justified in their refusals. Section 1386 of the Consolidation Act is a revision of section 50 of chapter 344 of the Laws of 1857, and, therefore, *Carpenter* v. *Willett* (31 N. Y. 90; reported in full in 28 How. Pr. 225); *People* v. *Callahan* (7 Daly, 434); *Coles* v. *Hannigan* (8 id. 43) are authorities which sustain my opinion. The learned counsel for the appellant would meet the force of these decisions by the plea that the powers of the Municipal Court justices have been enlarged by chapter 748 of the Laws of 1896 (amending § 1367 of the Consolidation Act). This is true, but unimportant to this appeal, unless the enlarged powers embrace authority to do what appellant sought to have done. It is urged that, under the terms of that statute, a motion may be made to modify a judgment rendered in the Municipal Court for causes specified in section 999 of the Code, and that sections 723 to 728 thereof, inclusive, are made to apply to these courts. But section 999 has no application, for it relates only to a judge presiding at a trial by jury. Section 723 of the Code of Civil Procedure permits a court to amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party or a mistake in

any other respect, or by inserting an allegation material to the case, or where the amendment does not change substantially the claim or defense by conforming the pleading or other proceedings to the facts proved. This section was intended to confer power on the courts to correct mistakes of the character indicated, where the substantial rights of the parties are not affected. (*Heath* v. *New York Building Loan Banking Co.*, 146 N. Y. 260.) But it was said in *Carpenter* v. *Willett* (*supra*) that the provision in question (*i. e.*, Laws of 1857, chap. 344, § 50, which is substantially § 1386 of the Consolidation Act) means " that the justice must adjudge that it is a case in which the party is subject to arrest, and the right to arrest must be stated in the judgment; in other words, form a part thereof. It is a part of his judicial labor and duty. The provision cannot be regarded as merely directory as to the mode of proceeding, or preserving the record of the district court. The duty being judicial in its nature, the statute requiring the act to be done is imperative. (*Brackett* agt. *Eastman*, 17 Wend. 32; *Sibley* agt. *Howard*, 3 Denio, 72.) It is a limitation of jurisdiction and not a statutory direction to the officers of the court. \* \* \* It was no part of the judgment rendered on the 12th of November that Doughty was subject to arrest and imprisonment. The right to arrest was not passed upon by the justice. \* \* \* This subsequent proceeding cannot be supported. On the 13th of November the justice had no jurisdiction to act. He was *functus officio*. \* \* \* It was made as much the duty of the justice to pass upon the defendant's liability to an arrest as upon his liability in the action, and to embody his judicial conclusion in his judgment. Not having done this when the judgment was rendered, he could not afterwards amend it in this respect." I think, therefore, that such an amendment of the judgment as is sought is not within the purview of section 723 of the Code. (*Beitz* v. *Fuller*, 92 Hun, 457; *Stannard* v. *Hubbell*, 123 N. Y. 520.) So far as the application concerns the clerk, I am of opinion that it is disposed of by *People ex rel. Rosenzweig* v. *Costigan* (54 App. Div. 186).

The order should be affirmed, but, under the circumstances, without costs.

All concurred.

Order affirmed, without costs.