by reference to market values or to other sources of information, is susceptible of being definitely determined."

The rule so enunciated in the last-cited case was strictly adhered to by the plaintiff throughout the trial of this cause, he having proven interest only upon the amount of the disbursements, which, from the verdict rendered, appears to have been allowed by the jury. The disbursements amounted to the sum of $179.08, and the interest thereon amounted to $25.07. Deducting such interest from the amount awarded by the jury, there is left the sum of $3,154.01, a sum still in excess of the amount last offered. My conclusion, therefore, is that the first offer of judgment was destroyed by the subsequent amendment of the complaint and the service of an answer thereto, and that the second offer of judgment was not more favorable than the judgment recovered. The motion is therefore denied, with $10 costs.

(60 App. Div. 180.)

MORRISON v. METROPOLITAN EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

JUDGMENT—CLERICAL ERROR—CORRECTION AT SPECIAL TERM.

> Plaintiff sued defendant railroad company for injuries to premises fronting 43 feet on Sixth avenue, and 100 feet deep, known as 719 and 721 Sixth avenue. Proof showed that the two houses, Nos. 719 and 721 Sixth avenue, occupied only 70 feet of the depth of the lot, the remainder being occupied by another house, fronting on Forty-First street, for which plaintiff disclaimed any right to damages. The judgment in favor of plaintiff conformed to the decree, which gave damages sustained to the premises described in the complaint, without specifying them, except as it described the premises as extending along Forty-First street 100 feet, "being known * * * as 719 and 721 Sixth avenue." The same justice that tried the case on motion at special term corrected the judgment by substituting "70 feet" for "100 feet." *Held*, that such correction was not a correction of a judicial error, but of a mere clerical mistake, which the court at special term had power to make, under Code Civ. Proc. § 723, authorizing correction of mistakes in papers and proceedings.
>
> Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Edward A. Morrison against the Metropolitan Elevated Railroad Company. From an order resettling decision and modifying the judgment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Arthur O. Townsend, for appellant.

Stanley W. Dexter, for respondent.

RUMSEY, J. This is the usual action against an elevated railroad company for an injunction and damages to the plaintiff's premises. Those premises were described in the complaint as situated on the westerly side of Sixth avenue, at the northwest corner of Forty-First street, having a frontage on Sixth avenue of about 43 feet and 8 inches, and a depth of 100 feet, and being known by the street numbers 719 and 721 Sixth avenue. Upon the trial it appeared that the

70 N.Y.S.—5

plaintiff owned three houses at that place. Two of them were known as 719 and 721 Sixth avenue. The lots upon which these houses were situated had a frontage of 43 feet 9½ inches on Sixth avenue, and extended back along on Forty-First street for 70 feet. Back of these houses, on Forty-First street, was another house, known as 103 West Forty-First street. The lot on which that house was built was 30 feet on the street, and 43 feet 9½ inches deep. It consisted of the rear or easterly 30 feet of lots 719 and 721 Sixth avenue. At the trial, after this situation had been made to appear, the counsel for the plaintiff stated that he made no claim for damages to the building No. 103 West Forty-First street. The case continued after that announcement was made, and no proof was given as to the value of that lot, but the proof was confined to the value of the two lots on Sixth avenue. So far as the rental value is concerned, it was shown that the house upon lot 719 had been rented by itself. No. 721 was built on the corner of Sixth avenue and Forty-First street, and that building seems to have been rented in connection with the building at the rear, known as No. 103 West Forty-First street, but the tabulated statement of the rents in the case shows that the rental value of the house No. 721 Sixth avenue was given separately from the rents received for the building on 103 West Forty-First street, so that the court could have had no difficulty in ascertaining the exact amount of rents received from time to time on building No. 721, without confusing them with the rents received for the lot facing on Forty-First street. When the decision came to be made, it was in terms confined to the premises described in the complaint, without specifying particularly what those premises consisted of, or saying anything about the size of them. The judgment entered upon the decision conformed practically to it, except that the description of the premises inserted in the judgment described them as extending along the northerly side of Forty-First street 100 feet, to the place of beginning, "being the premises now known by the street numbers 719 and 721 Sixth avenue." Upon appeal to this court, it was claimed that the court erred in allowing damages for the diminution in the rental and fee values of the lot known as 103 West Forty-First street, although it was claimed by the plaintiff that no allowance was made for that lot. Thereupon a motion was made to correct and resettle the decision and judgment by striking out after the word "premises" the words "described in the complaint herein" wherever they occurred, and inserting the words "known as Nos. 719 and 721 Sixth avenue," and amending the judgment by striking out the words "one hundred feet" and substituting "seventy feet." This was done at a special term held by the same justice before whom the case was originally decided, and the appeal is taken from his order, thus settling the decision and judgment.

The question before us is not complicated by any question of practice arising out of the fact that the record has been filed in this court, but it may be determined as though the motion had been made at the special term before the appeal had been taken to us. Only two questions are presented. In the first place, what was the nature of the change made? Was it a correction of a judicial error committed by the court, or did it simply operate to correct a clerical error to estab-

lish the decision precisely as it was intended to be made by the court? A majority of the court think that it was a mere clerical error. Although the premises are described in the complaint as having a depth of 100 feet, yet they are also described as the premises known as Nos. 719 and 721 Sixth avenue, and it is quite evident from the complaint that that was the distinguishing mark of the premises. There is no dispute that at the opening of the case the plaintiff, who was the first witness, and who described the premises, stated, in terms, that upon lots Nos. 719 and 721 there stood two brick houses, 55 feet deep, covering the entire frontage of the lots, and expressly stated that back of these houses were the premises known as 103 West Forty-First street, which were 30 feet wide, and extended 43 feet 9½ inches clear across the width of the two lots fronting on Sixth avenue. It is impossible that there could have been any misunderstanding as to the relative situation of these lots, or as to the size of Nos. 719 and 721 Sixth avenue. When we add to this the fact that the plaintiff upon the trial expressly disclaimed any claim for the premises 103 West Forty-First street, it must be quite clear that the learned justice below gave no damages for any other property than that contained in the two lots known as Nos. 719 and 721 Sixth avenue, which were the subject of the litigation.

There can be no presumption that the justice below overlooked the disclaimer made by the plaintiff's counsel as soon as the exact size and situation of these two lots appeared, and it is very evident, from the course of the trial after the disclaimer was made, that the property as to which testimony was given was that known as 719 and 721 Sixth avenue. There is always a presumption that the order appealed from is correct. Where the order turns, as it does in this case, very largely upon the personal knowledge of the learned justice who makes it, and who, of course, must have known what he intended by his decision, it seems to me that that presumption is almost irresistible. There is nothing in the order appealed from which is in the slightest degree inconsistent with the complaint or the decision, because it is quite apparent that the principal means of distinguishing the property which was the subject of the action is by the street numbers, and in this case, as ordinarily, the statement of the depth of the lots is a matter which is of little weight in establishing the location, and is only important as an incident in getting at its value.

By section 723 of the Code of Civil Procedure, the court is authorized to correct a mistake in any respect in the papers or proceedings. That authority is limited by the rule that where the error is the result of an incorrect finding on the part of the court, either as to a question of fact upon the evidence or an erroneous conclusion from the facts which was intended to be made, the error can only be corrected upon appeal. Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084. But where the supposed error is not in fact an error, but is a mere mistake in the statement of what was intended to be decided, it is merely clerical, and the court is authorized at any stage of the proceedings to correct it. That seems to us to be the case here, and therefore the order was correct, and should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. The amendment was a change in the decision in a substantial respect; and if such an amendment can be allowed, then any error in a decision may be remedied after judgment.