did not introduce the purchaser. The first suggestion came from the defendant, in an incidental talk to the plaintiff's employés, that the bank was the logical buyer. Thereupon the plaintiff seems to have been stirred up to voluntary interposition, unknown to the defendant, until he had proceeded upon his own initiative to begin direct negotiations with the president of the bank. The broker never succeeded in bringing the bank up to the terms which the defendant declared to him were his lowest figures. After his efforts had failed, the principals got together in continuation of the negotiations which had been begun between themselves, and finally came to an agreement. I do not think, upon these facts, that the plaintiff has sustained the burden put upon him.

The judgment and order appealed from should therefore be reversed, with costs to the appellant to abide the event.

INGRAHAM and LAUGHLIN, JJ., concur.   HOUGHTON and SCOTT, JJ., dissent.

---

CITY OF NEW YORK v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.   May 15, 1908.)

JUDGMENT—ESTOPPEL—LITIGATION OF MATTER—NECESSITY.

> An action by a city to recover license fees for street cars under a contract requiring a company to pay a fee for each car operated is not barred by the judgment in a previous action based upon a stipulation showing the greatest number of cars used by the company in certain years and testimony that the uniform practice had been to pay license fees on that basis; the city's right to recover for "every" car operated not being presented nor decided in the previous action.

Appeal from Trial Term.

Action by the city of New York against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Joseph P. Cotton, Jr. (R. H. Neilson, on the brief), for appellant.

Terence Farley (Theodore Connoly and Frank B. Pierce, on the brief), for respondent.

LAUGHLIN, J. This is an action to recover license fees for cars run and operated by the defendant over the Eighth Avenue line, so called, during the years 1902, 1903, 1904, and 1905. The duty to pay the license fees arises under a grant containing the same provision as that with respect to the Sixth Avenue line, involved in the action between the same parties, argued and decided herewith (110 N. Y. Supp. 722), and under the same ordinance. It is not questioned that the duty of paying license fees for these years devolved on the defendant. The plaintiff has recovered the amount of the license fees owing, upon the basis that it was incumbent upon the defendant to pay a license fee for each car run and operated over the line. In all respects, with one exception to be presently considered.

the opinions in the actions between the same parties, argued and decided herewith (110 N. Y. Supp. 720, 722), relating to license fees for cars run over the Ninth and Sixth Avenue lines are applicable to the questions presented by this appeal.

In this case, however, the defendant pleaded and introduced in evidence a judgment between the mayor, aldermen and commonalty and the Eighth Avenue Railroad Company, recovered in the year 1886, as res adjudicata of the basis upon which the plaintiff is entitled to recover license fees. The judgment in that case was based upon a stipulation made upon the trial showing the greatest number of cars used by the defendant during the respective years in question there, and testimony that the uniform practice had been to pay license fees on that basis. A perusal of the record of that trial, offered in evidence upon the trial of this action, and of the opinions of the court at General Term and in the Court of Appeals, fails to show that the question as to the right of the plaintiff to recover for each and every car run and operated over the line was presented by the evidence for adjudication or was decided. Mayor, etc., v. Eighth Ave. Railroad Co., 43 Hun, 614, affirmed 118 N. Y. 389, 23 N. E. 550. It is not sufficient to render a judgment res adjudicata, or to have it operate as an estoppel between the parties and their privies, that a question might have been litigated in the action. It must appear that the question was litigated and decided. Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076; House v. Lockwood, 137 N. Y. 259, 33 N. E. 595; Stokes v. Stokes, 155 N. Y. 591, 50 N. E. 342; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823; Stokes v. Foote, 172 N. Y. 327, 65 N. E. 176.

It follows that the judgment should be affirmed, with costs. All concur.