THE CITY OF NEW YORK, Respondent, v. NEW YORK CITY RAILWAY COMPANY, Appellant.   Car License Penalty. · (Action No. 2.)

First Department, May 6, 1910.

See head note in *City of New York* v. *New York City R. Co., No. 1 (ante, p.* 131).

APPEAL by the defendant, the New York City Railway Company, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of June, 1909, affirming a judgment of the Municipal Court of the city of New York, borough of Manhattan, in favor of the plaintiff, entered on the 18th day of November, 1907, for the sum of $272.

*Joseph P. Cotton, Jr.* [*Robert H. Neilson* with him on the brief], for the appellant.

*Theodore Connoly* [*Terence Farley* and *Frank B. Pierce* with him on the brief], for the respondent.

LAUGHLIN, J.:

This appeal presents the same question of law as was presented by the appeal taken by the same defendant in action No. 1, argued and decided herewith. (*City of New York* v. *New York City R. Co., No. 1,* 138 App. Div. 131.)   This action is to recover penalties for the operation of five cars under the Eighth Avenue Railroad Company's franchise, which was conferred by a grant reserving to the common council the right to fix a license fee for each car and obligating incorporators of the railway company to pay the same. With respect to the operation by this defendant of cars under the Eighth Avenue franchise it was recently held by this court.(*City of New York* v. *New York City R. Co.,* 126 App. Div. 42) that the defendant was liable for the license fees prescribed by the ordinance enacted pursuant to the reservation contained in the grant, and the judgment was affirmed by the Court of Appeals on our opinion (193 N. Y. 679).

It follows, therefore, on the authority of the opinion in action

No. 1, that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed, with costs to the appellant, and the complaint should be dismissed, with costs.

Ingraham, P. J., McLaughlin, Miller and Dowling, JJ., concurred.

Determination and judgment reversed, with costs, and complaint dismissed, with costs.

---

Ulysses B. Brewster and William J. Brewster, as Coadministrators, etc., of Frederick Gillette Brewster, Deceased, Suing on Behalf of the Estate of Said Frederick Gillette Brewster, Deceased, and Other Stockholders, Respondents, *v.* The F. G. Brewster Company and Others, Appellants.

First Department, May 6, 1910.

Pleading — supplemental complaint — what questions may be considered on motion — representative action — irrelevant matters.

The merits of a cause will not be considered on an application for leave to serve a supplemental pleading, nor will the motion be denied either on the theory that it will be of no avail or that the original pleading does not state a cause of action unless that fact has been adjudicated.

If the proposed pleading alleges facts relevant to and consistent with the cause set forth in the original pleading, leave to serve it should not be denied on the ground that it contains other allegations not germane thereto. Such allegations may be subsequently stricken out on motion.

Where a complaint in a representative action by stockholders on behalf of themselves and all others similarly situated seeks to annul an issue of stock on the ground that it was fraudulently made contrary to the interests of a corporation and in pursuance of a conspiracy by certain stockholders to obtain control, permission should be granted to serve a supplemental complaint, which sets forth other acts done pursuant to the conspiracy subsequent to the commencement of the action and prior acts of which the plaintiffs did not then have knowledge. This, although the proposed pleading also contained allegations which would only be appropriate in an individual action brought in the plaintiff's own right.

Appeal by the defendants, The F. G. Brewster Company and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of