HERMAN FUCHS *v.* CARL POHLMAN.

The time within which an appeal may be taken from a District Court judgment, begins to run from the time the judgment is actually entered, and not from the date of the decision upon which judgment was entered.

The service of a notice of appeal from such a judgment, made upon the respondent's attorney, instead of the respondent personally, is sufficient, if the latter cannot, after due diligence, be found.

What will be deemed due diligence in such a case,—considered.

APPEAL from an order of the special term, dismissing an appeal from a judgment of the Second District Court.

The action was tried on the 8th day of May, 1866.  It appears to have been understood between the attorneys that the justice should take his own time to decide the case, and that time should be given for appeal.  The defendant sent several times a week to ascertain if the case had been decided, and twenty days after the trial was informed by the justice that he had not yet decided it.

On the 10th of June, judgment was entered for the plaintiff, although dated May 15, 1866.  The defendant perfected his appeal, but was unable to find the respondent, and hence served the notice of appeal on his attorney.

The respondent moved at special term to dismiss the appeal, and from the order granting the motion the defendant appealed to the general term.

*Otto Meyer*, for appellant.

*S. B. Noble*, for respondent.

BY THE COURT.—DALY, F. J.—From statements in the opposing affidavits, which are uncontroverted, it is manifest that the judgment was rendered about the 10th of June, and if it bears date as of the 15th of May, it must have been antedated.

The case was tried on the 8th of May, and by statute (Laws

Fuchs v. Pohlman.

of 1857, vol. 1, p. 720, § 47), the justice was bound to give judgment within eight days thereafter; that is to say, on or before the 15th of May. There appears to have been an understanding to the effect that he might take his own time, but however that may have been, it appears, for the fact is not contradicted, that he told the defendant's attorney, *twenty* days after the trial, that the case was not then decided, and two or three times a week, from the day of the time to the 10th of June, the attorney was informed by the clerk and the justice that no judgment had yet been rendered. If it bears date as of the 15th of May, the justice must have antedated it, probably under the impression that it was his duty to date it, not of the day when ·he actually rendered it, but of the last day of the time within which he could render it, which was the 15th of May. From the 15th of May to the 10th of June was twenty-six days, so that if the time to appeal were to be computed from the day of the date of the judgment, the effect would be to cut the defendant off from the right of appeal altogether. If the date of the judgment were conclusive, the twenty days, within which the appeal must be brought, would end on the 4th of June, and the judgment was not rendered until the 10th, the date is not conclusive. The appeal may be taken within twenty days after the judgment was rendered, and the time when it was actually rendered may be shown, for were it otherwise, it might be in the power of a justice, by his own act, to prevent an appeal in any case by delaying his decision for more than twenty days, and then antedating the judgment. If it were rendered after the time which the law prescribes as the limit, whatever may have been the date affixed to it, the justice would have to return upon the appeal according to the fact, and if a motion is made to dismiss the appeal, on the ground that it was not brought within twenty days after the judgment bears date, the appellant, in answer to that motion, may show that the judgment is antedated, and that he brought his appeal within twenty days after it was actually rendered. The defendant had a right to assume that it was rendered on the 10th of June. He had been very diligent in his inquiries, and from the information he received from both clerk and judge, he had the

right to conclude that the decision was given on or about that day. ' Every intendment in such a case is to be in his favor, for he is not to lose his right of appeal in consequence of the erroneous act of the justice. Within twenty days from the 10th of June, he served a notice of appeal upon the justice, and upon the attorney who appeared for the plaintiff upon the trial, having been unable to find the plaintiff or his place of residence after the most diligent inquiries, and he had the requisite undertaking approved by the justice. This was all he could do to perfect his appeal. It was well brought, and the motion to dismiss it should, in my judgment, have been denied.

BRADY, J., concurs.

CARDOZO, J. (dissenting).—The ground upon which I dismissed the appeal from the District Court, seems to have been misapprehended, both by the present appellant and by the first judge. I did not, and do not, doubt the entire accuracy of the views which Judge Daly entertains as to the effect of the antedating of the judgment, and of the right to establish, by evidence, that the appeal was taken within the statutory limit after the actual date of the judgment. The ground on which I dismissed the appeal, and upon which I am still of opinion that I acted correctly, was, that the appellant did not serve the notice of appeal on the respondent personally. The omission to make such service personally was not questioned, and the affidavit, in my judgment, failed to show due, or any, diligence to find the respondent.

The respondent's affidavit, which, in this respect, was not denied, stated that on the trial of the action, his place of residence in this city was disclosed. The appellant, or his attorney, therefore, knew the respondent's residence. They also knew the residence of the respondent's attorney, and called upon him to accept service of the notice of appeal. Yet it does not appear either that any attempt to find the respondent at the place mentioned on the trial as his abode, or that any inquiry there, or of the attorney, was ever made. The appellant contented himself with calling upon the secretary of the Cabinet Maker's

Society, which was the extent of the " due diligence" which he made to ascertain the residence of the respondent.

I think something more than this was necessary. For that reason, I dismissed the appeal below, and for that reason, I think the order so made should be affirmed.

Order reversed.