HARRIET BAKER *vs.* JOSEPH M. BRINTNALL.

In an action brought in a justice's court, against a constable, for neglect of duty in returning an execution unsatisfied, when the same might have been collected, the minutes of the justice before whom the original action was tried, and the judgment rendered by him, are admissible in evidence, for the purpose of showing jurisdiction and that the action was for services performed by the plaintiff as a domestic; a judgment on such a demand being favored by the statute, (*Laws of* 1858, *ch.* 107,) modifying the exemption laws.

Although the statute directs that every justice shall keep a book called a docket, and also directs what entries he shall make therein, the omission, by a justice, so to keep his book will not render his judgments void. Proceedings before him can still be proved by himself.

For certain purposes, the docket fails to be evidence, if not kept as the statute directs, but the omission so to keep it is not jurisdictional.

Where, in an action against a constable, for returning an execution unsatisfied, when it might have been collected, the question arises whether certain property of the defendant in the execution was exempt from levy or sale, the affirmative is with the officer claiming the exemption. *Prima facie* all property is liable to execution.

Exemption is a statutory privilege, and is strictly personal. It, therefore, will not avail an officer sued for neglect of duty in not levying on property.

In such an action, whether the defendant in the execution had sufficient property to pay the execution, exempt or not exempt, is a question of fact for the jury; and their verdict upon that point cannot be reviewed upon appeal.

The question of exemption being one that a constable cannot raise in his defense, when sued for not levying and selling, his acceptance of the execution, and a bond of indemnity, with his consent to act upon the execution, and his action, so far as to take an inventory of the property of the defendant in the execution, *estops* him, in law, from returning the execution unsatisfied.

If he is not satisfied with the bond of indemnity he should refuse it. Having accepted it, he is bound to go on and act as instructed.

THIS action was commenced in a justice's court of Saratoga county, against the defendant as constable, for neglecting his duty as an officer in returning an execution issued upon a judgment in favor of the plaintiff, against one Mary A. Estee, unsatisfied, when the same might have been collected.

The defendant denied the complaint. The cause was tried by a jury, who found in favor of the plaintiff. From the judgment rendered before the justice the defendant

Baker *v.* Brintnall.

appealed to the county court of Saratoga county, where the judgment was reversed. From the judgment of reversal an appeal was taken to this court. The other material facts will appear in the opinion.

*J. W. Eighmy,* for the plaintiff, appellant.

*J. A. Shoudy,* for the defendant, respondent.

POTTER, J. We are not informed upon what ground the judgment before the justice was reversed in the county court. We are, therefore, left to examine the objections taken by the defendant before the justice. The justice who rendered the judgment was sworn, and produced the original proceedings on the trial before him, and the judgment. This was objected to by the defendant, and the objection overruled, and as, I think, correctly. It was necessary for the plaintiff to show not only that the judgment was for a cause of action of which the justice had jurisdiction, but also, perhaps, that the action was for services as a domestic, as a judgment for such a demand, in favor of a plaintiff, is favored by statute. (*Laws of* 1858, *ch.* 107.) There is no better method of proving these facts. This statute modifies the exemption laws, favoring judgments rendered on a claim for work and labor performed as a domestic. The minutes produced and objected to, showed this fact, and also jurisdiction in the justice to try the action.

The judgment was also fully entered, upon this paper, containing the proceedings and the issuing of an execution, to the defendant. The justice also produced a book, which he called his docket, in which was copied from these minutes, the judgment; the time of entering the same; and the issuing of an execution to the defendant as constable ; and that it was renewed and returned unsatisfied. This docket was also objected to by the defendant on the

CASES IN THE SUPREME COURT.

ground that it was not kept as required by statute, and failed to give the dates of issuing, renewing and returning the execution; which objection was also overruled, and, as I think, correctly. It is true, the statute directs that every justice shall keep a book, called a docket, and also directs what entries he shall make therein, and it is also true that the justice entirely failed of keeping his docket as this statute prescribes; but the omission so to keep his book, does not render his judgments void. Proceedings before him can still be proved by himself. (3 *R. S. 5th ed.* 458, § 179.) For certain purposes, the docket fails to be evidence, if not kept as the statute directs, but the omission so to keep it, is not jurisdictional.

The justice further proved the loss of the execution, and states the fact that he first delivered it to another constable, (one Barton,) who had made no return upon it. This evidence was objected to, and a motion made to strike it out, as it might be that such other constable might have satisfied it; which motion was denied. Whether or not this was error, it appears that Barton, the other constable, was afterwards sworn, and stated that he had the execution about a week, and then carried it back and left it at the justice's office, without collecting any thing on it; and the defendant himself proves that he got the execution in a few days after its date; and that he returned it unsatisfied, after getting it renewed. If there had been error before, it was cured by this evidence that Barton had done nothing with the execution. While the defendant had the execution, the question was raised, whether the property of the defendant in the execution was not exempt, but the defendant said if they would give him a bond (of indemnity) he would go on and sell. A bond was then executed and delivered to the defendant, and he accepted it. An objection was also raised against producing the bond in evidence, and the objection was overruled. It does not appear whether the bond was read to the jury. If it had

been, there would have been no error. The proof of its being given on the defendant's request was proper; its demand and reception by him may have estopped him from refusing, afterwards, to act. The plaintiff then offered proof as to what property the defendant in the execution had, while the defendant had the execution. This was objected to; also, the value of some of the property, which was also objected to; both objections were properly overruled. They were questions directly in issue, and were material. The plaintiff then proved that positive directions were given to the defendant at the time he accepted the bond of indemnity, to sell the property of the defendant in the execution; and information was given to the defendant of what property there was, and in what it consisted. The plaintiff had before proved the return of the execution unsatisfied, and then rested.

The defendant then moved for a nonsuit on the following grounds:

1st. The renewal of the execution must be in writing, signed by the justice, or the execution will be void, and the constable a trespasser.

2d. The execution was issued by the justice to Constable Barton and returned by him; it was therefore dormant, until legally renewed, and the defendant would have been a trespasser if he had attempted it, and the justice had no jurisdiction of the matter after return of the constable, until he legally renewed the execution.

3d. The justice had no jurisdiction or right to renew the execution after it was handed to Barton, until he had Barton's return, as a constable, on the execution. The presumption is, in the absence of such return, that Barton collected the execution or passed the same execution over to another constable to collect.

4th. The entries by the justice are not a compliance with the statute.

5th. The evidence shows, that Mrs. Estee is a house-holder and has been for ten years, and the plaintiff has failed to show that she had property liable on execution.

6th. The plaintiff has failed to introduce evidence suffi-cient to entitle her to a judgment.

The motion was denied.

The defendant was then sworn in his own behalf, and testified to having received the execution from the plain-tiff's attorney; of searching for property; of receiving a bond of indemnity, and of being directed to sell property which the defendant in the execution claimed was exempt. The plaintiff's attorney informing him that the defendant in the execution had no exempt property, and directing him to sell, whether it was exempt or not; and that he, the defendant, returned the execution unsatisfied, without levying or selling. On cross-examination, the defendant stated that he made an inventory of considerable property, which he named, and that the plaintiff's attorney informed him that unless he sold he would be sued; that he obtained a renewal of the execution, and then returned it unsatis-fied. All the remaining evidence in the case, relates to the extent of the personal property of the defendant in the execution, without giving its valuation, and upon the ques-tion whether the defendant in the execution was a house-holder. The defendant in the execution was then sworn, and testified, that she was without father, mother, husband or children for whom she provided; though she had kept house eleven years after the death of her bushand, and took in washing; had no other means of support; and hired help, and sometimes boarded her help, and purchased her own provisions, since she kept house; she supported no persons but such as received wages. This presents all the questions that arose upon the trial. Only two or three questions remain to be considered.

*First.* Was the defendant in the execution a house-holder? *Second.* If she was a householder, had she prop-

Baker *v.* Brintnall. ·

erty, not exempt from execution, which the defendant was bound to sell in order to satisfy the execution? and, perhaps, *Third.* Was the defendant, after receiving the bond of indemnity, bound to sell the property whether exempt or not, upon being so directed at the time of executing the bond.

1. At the time the defendant moved for a nonsuit, on the ground that the defendant in the execution was a householder, which was the only time the question was raised on the trial, it had been shown that she was in possession of a very considerable amount of personal property. Conceding her to have been a householder, it had not then been shown, and was not thereafter shown, that the property in question was exempt, or was necessary for her to keep house with. The affirmative of this question would have been with the person claiming the exemption, even had the action been by the party whose property had been taken. (*Griffin* v. *Sutherland,* 14 *Barb.* 456. *Dains* v. *Prosser,* 32 *id.* 290. *Van Sickler* v. *Jacobs,* 14 *John.* 434.) *Prima facie,* all property is liable to execution. The justice, therefore, did not err, in denying the nonsuit. In this view, I do not think it necessary to decide, whether or not she was a householder. The question of exemption, is a statutory privilege, and is strictly personal. It did not, therefore, avail the defendant, even if it had been proved. (*Smith* v. *Hill,* 22 *Barb.* 656. *Nichols* v. *Tousley,* 1 *Cowen,* 114. *Earl* v. *Camp,* 16 *Wend.* 563.) This point, therefore, is of no avail to the defendant.

2. Whether the defendant in the execution had sufficient property to pay the execution, exempt or not exempt, was a question of fact, for the jury, and their verdict upon this point cannot be reviewed here.

3. I think, inasmuch as the question of exemption is one that the defendant cannot raise in his defense, his acceptance of the execution and the bond of indemnity, with his

consent to act upon the execution, and his action so far as to take an inventory of the property of the defendant in the execution, estops him in law, from returning the exetion unsatisfied. If he was not satisfied with the bond, (of which there is no pretense,) he should have refused it. If he accepted it, he was bound to go on and act as instructed.

I have been entirely unable to find a good reason for the reversal of this judgment by the county court, and think the judgment of the county court should be reversed, and that of the justice should be affirmed.

JAMES and ROSEKRANS, JJ. concurred.

BOCKES, J. dissented.

[ST. LAWRENCE GENERAL TERM, October 6, 1868. *James, Rosekrans, Potter* and *Bockes,* Justices.]