Daly, Ch. J.
[After stating the facts.]—By section 47 of the act of 1857, L. 1857, p. 720, the justice must render judgment within eight days from the time when the case is submitted to him, and if he fails to do so within that time, he loses jurisdiction of the cause, and any further proceeding in it on his part is unauthorized and void (Bloomer v. Merrill, 1 Daly, 485, and cases there cited).
The mere indorsing of a memorandam of his decision on the papers submitted to him was not in itself rendering judgment.
The cases in which it has been held that such an indorsement by a justice in the other counties of the State is a rendering of judgment within the four days required by statute although the judgment is not en *190 tered in the justice’s docket until after the four days are past (Walrod v. Schuler, 2 Comst. 134; Fish v. Emerson, 44 N. Y. 376; Hall v. Tuttle, 6 Hill, 38), are not strictly applicable to district courts in this city, the proceedings in which are, by statute, more analogous to those of courts of record.
In the other counties of the State the justice dis- - charges all the duties both judicial and ministerial, from the issuing of the summons to the issuing of the execution. But the district courts of this city are provided with clerks who by statute discharge the ministerial duties from the commencement of the action to the issuing of execution.
They are required by statute “to record the proceedings of the court,” to attend its sitting's, to administer oaths to witnesses, to keep its seal, to file the papers in the action, to enter the judgment, to issue execution, to give transcripts of the judgment, to authenticate by certificate or exemplification the proceedings of the court, and they are required to keep a docket book, containing the title of the action, the date of the process and return, the time of appearance, and a minute of the pleadings, every adjournment, the demand of a jury, and by whom, the time appointed for the trial, the return of the jury, the names of the jurors sworn, and of the witnesses, the verdict or disagreement, the judgment of the court, the issuing of the execution, &c., &c. (Laws of 1857, c. 344, §§ 47, 59, 72).
They are a co-operative part of the court, performing its ministerial duties, whilst the functions of the justice are judicial. In a tribunal so constructed the justice must make known to the clerk, either orally or in writing, the judgment that is to be rendered, as it is the clerk and not the justice, who is, by the statute, to record the proceedings of the court.
*191 The right of appeal is limited in these courts to twenty days after the judgment. The party against whom is is rendered, if he desires to review it by appeal, must, within that time, serve a notice of appeal on the other party and the justice; but if the justice can render judgment, as was done in this case, by merely indorsing his decision upon the papers submitted to him, within eight days, and deliver it to the clerk whenever he thinks proper thereafter, it would be in his power to cut the party off against whom he renders judgment from his right of appeal, by simply withholding the papers so indorsed until the time for appealing was past.
It was evidently the intention from the provisions I have referred to, that the clerk and the justice should co-operate in the rendition of the judgment, each fulfilling the particular functions assigned to him, that of the clerk being ministerial, and that of the justice judicial.
That the rights of parties may be fully preserved to them, the proper construction of the act, therefore, is to hold that the justice shall, within the time fixed by the statute, orally or in writing, deliver his judgment, that the clerk may record what it is, and when it was rendered.
In this way it is publicly known, being recorded by the clerk; and the party against whom it is rendered can then know definitely when the twenty days shall expire, which begin to run from the time when the judgment was rendered as recorded by the clerk in his record of the proceedings of the court.
Unless we so interpret the act, uncertainty and innumerable difficulties will arise from the provisions of the statute and the decisions that have been rendered under somewhat analogous statutes.
When the justice, either orally or in writing, com *192 municates his decision to the clerk he has fulfilled his judicial duty which is imperatively to be performed within the time fixed by statute (Fish v. Emerson, 44 N. Y. 378, 379). But the entry or recording of it as a judgment, whether it is to be done by the clerk, as in the district courts here, or in the other counties by the entry of it by the justice in his docket, is, from its ministerial character, merely directory, and may be validly performed afterwards (Hall v. Tuttle, 6 Hill, 38; Sibley v. Howard, 3 Den. 72, 73; Walrod v. Shuler, 2 N. Y. 134; Fish v. Emerson, 44 Id. 376; Baker v. Brintnall, 52 Barb. 188).
The justice, having suffered the eight days to elapse without communicating to the clerk, either orally or in writing, what the judgment was to be, lost jurisdiction, and his further proceeding in the matter was unauthorized and void. The plaintiff was therefore at liberty to sue again (Young v. Rummell, 5 Hill, 60; 7 Id. 503); and what had taken place in the previous proceedings was no bar to his action.