ORVIS, Respondent, v. CURTISS, Appellant. (Common Pleas of New York City and County, General Term. February 4, 1895.) Motion by plaintiff (respondent) for reargument. For decision on appeal, see 28 N. Y. Supp. 728. H. G. Hanes, for appellant. Taylor & Parker, for respondent.

PER CURIAM. This action was brought to recover six months' interest due on a certain promissory note made by the defendant to the order of the plaintiff, payable three years after date, with interest thereon, "to be paid semiannually, at the rate of five per cent." The interest sued for in the present action was for the second six months. A suit having been previously brought in the court below by plaintiff against defendant for the recovery of the first six months' interest on the note, judgment therein was rendered in favor of the plaintiff. The issues in this action are the same as in the former action. It is claimed that the judgment in the first action is res judicata; but we are unable to pass upon the question until the record of the judgment in that action is submitted for our inspection. The justice's return in regard to the same states: "By plaintiff's counsel: I offer in evidence the record of the former action. By defendant's counsel: I except to the ruling holding the res adjudicata." This does not clearly indicate whether such record

was admitted, but at page 7 of the return we find that "it is stipulated that copies of the former testimony and exhibits may be submitted for originals," from which we infer that the record of such judgment was read in evidence. The return is barren of either the original record of the judgment or a copy thereof, and it should therefore be amended so as to include either of them, as it is claimed that the first judgment has since been reversed, on the ground that the justice had rendered his decision after the time limited by law for his doing so had expired, and therefore had no jurisdiction to render it. Orvis v. Curtiss (Com. Pl.) 28 N. Y. Supp. 728. If such decision was rendered as claimed, then the justice proceeded without jurisdiction, the judgment was unauthorized and void, and plaintiff's claim that said judgment is res judicata is unavailing. Dalton v. Loughlin, 4 Abb. N. C. 187, 192; Sire v. Merrick (Com. Pl.) 6 N. Y. Supp. 661. For these reasons, a reargument should be ordered, return to be amended meanwhile.