(34 Misc. Rep. 194.)

### KELLER v. STRAUS.

(Supreme Court, Appellate Term. February 25, 1901.)

MUNICIPAL COURT JUDGMENT—TIME FOR APPEAL—COMPUTATION.
The time within which an appeal may be taken from a municipal court judgment begins to run, not from the date of its rendition, but from the date of entry thereof in the clerk's office.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Morris S. Keller against Joseph Straus. From a judgment for plaintiff, defendant appeals. On motion of defendant, the return is sent back for correction.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

House, Grosman & Vorhaus, for appellant.
A. A. Joseph, for respondent.

O'GORMAN, J. The time within which an appeal may be taken from a judgment in the municipal court begins to run, not from the date of the rendition of the judgment, but from the date of the entry thereof in the clerk's office. Fuchs v. Pohlman, 2 Daly, 210; Jennings v. Miller, 10 Misc. Rep. 763, 31 N. Y. Supp. 814; Dalton v. Loughlin, 4 Abb. N. C. 187. By section 1409 of the consolidation act, the clerks of this court must keep a docket in which judgments are entered, and it is this record in the clerk's office which enables a litigant to ascertain when a judgment is entered, and when the time in which to appeal therefrom will expire. A question having arisen as to when the judgment in this case was entered, the return will be sent back for correction, so that the date of entry may be inserted. All concur.