### COLLINS v. DAVIS.

(Supreme Court, Appellate Term. February 5, 1909.)

1. COURTS (§ 190*) — MUNICIPAL COURTS—APPEAL—TIME FOR TAKING—WHEN TIME BEGINS TO RUN.

Under Municipal Court Act (Laws 1902, p. 1578, c. 580) § 311, providing that an appeal must be taken within 20 days after the entry of the judgment, the time within which an appeal may be taken begins to run from the time the judgment is actually entered in the docket book, and not from the date of the decision on which the judgment was entered.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. JUDGMENT (§ 215*)—RENDITION—WHAT CONSTITUTES.

Indorsement of the decision of the trial justice on the papers in the case is not a rendering judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 215.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—ENTRY OF JUDGMENT.

When the justice of the Municipal Court orally or in writing communicates his decision to the clerk, he has fulfilled his judicial duty, which is imperatively to be performed within the time fixed by statute, and the entry or recording of the decision as a judgment is merely ministerial, and may be validly performed afterwards.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 190*)—MUNICIPAL COURT—APPEAL—NOTICE OF APPEAL—TIME FOR SERVING.

Where judgment was entered in the Municipal Court on August 3d, a notice of appeal dated December 26th was too late.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

5. TRIAL (§ 387*)—TRIAL BY COURT—TIME FOR RENDERING DECISION.

Where defendant's attorney was given until a certain date in which to file his brief, the justice was not compelled to wait until that time before giving his decision, provided defendant filed his brief prior thereto.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 387.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harry J. Collins against Samuel D. Davis. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

See, also, 111 N. Y. Supp. 703.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Feltenstein & Rosenstein, for appellant.
George W. Simpson, for respondent.

GIEGERICH, J.  When the record in this case was before us upon a former appeal, we ordered its return to the lower court for correction, with instructions to have it shown therein "if judgment was rendered herein and when."  The appellant's notice of appeal purports to be from a judgment rendered herein on the 10th day of December, 1907.  Upon the back cover of the return the clerk certifies that the judgment was rendered on the 23d day of July, 1907.  The trial justice, in an amended return, states that the case was tried on July 23, 1907; that at the close of the trial he indorsed upon the last alias summons these words, "Judgment for the plaintiff, form to be settled in Third district on August 6th;" that while this indorsement was being made the defendant's attorney asked leave to file a brief; and that he was given until August 31st in which to do so.  The defendant's attorney, however, filed his brief on August 3d, and thereupon and on that day the justice delivered the papers, with the aforesaid indorsement thereon, to the clerk of the court.  Whether or not the clerk thereupon entered a judgment in his docket does not appear.  In December following the plaintiff's attorney handed to the trial justice a so-called "decision" and "judgment," with proof of service upon the defendant's attorney, and the justice signed the same.  Both of said papers are attached to the return.  Neither of these papers are dated, nor do they show any file marks, nor does it appear that a judgment thereon or in pursuance thereof was ever entered in the docket book of the clerk, so that, so far as having any definite knowledge, aside from that contained on the last page of the record, as before stated, this court is still uninformed as to when the judgment, if any, was actually rendered.  This information is important for this reason:  The time within which an appeal may be taken begins to run from the time the judgment is actually entered in the docket book, and not from the date of the decision upon which the judgment was entered.  Section 311, Municipal Court Act (Laws 1902, p. 1578, c. 580); Fuchs v. Pohlman, 2 Daly, 210; Keller v. Straus, 34 Misc. Rep. 194, 68 N. Y. Supp. 777.

Indorsement of the decision of the trial justice upon the papers in the case is not a rendering judgment.  Dalton v. Loughlin, 4 Abb. N. C. 187.  The rule regarding the entering of judgment in the District Courts (now the Municipal Court) is laid down in the foregoing case, and is substantially as follows:  The District Courts are provided with clerks, who by statute discharge the ministerial duties from the commencement of the action to the issuing of the execution.  They are required to record the proceedings and to keep a docket, in which must be entered, among other things, "the judgment of the court."  Their functions are ministerial, whilst the functions of the justice are judicial.  The justice must make known to the clerk, either orally or in writing, the judgment that is to be rendered, as it is the clerk, and not the justice, who is by statute to record the proceedings of the court.  The justice shall within the time fixed by statute orally or in writing deliver his judgment, that the clerk may record what it was and when

it was rendered. In this way it is publicly known, being recorded by the clerk, and the party against whom it is rendered can then know definitely when the 20 days shall expire, which begin to run from the time the judgment was rendered as recorded by the clerk in his record of the proceedings of the court. When the justice orally or in writing communicates his decision to the clerk, he has fulfilled his judicial duty, which is imperatively to be performed within the time fixed by statute. Fish v. Emerson, 44 N. Y. 376, 378. The entry or recording of it as a judgment is from its nature ministerial, merely directory, and may be validly performed afterwards. Hall v. Tuttle, 6 Hill, 38, 40 Am. Dec. 382; Sibley v. Howard, 3 Denio, 72, 45 Am. Dec. 448; Walrod v. Shuler, 2 N. Y. 134; Baker v. Brintnall, 52 Barb. 188.

In the case at bar, if judgment was entered either on July 23d or August 3d, a notice of appeal dated December 26, 1907, is too late. The trial justice, in the amended return, as before stated, asserts that he did not deliver the papers with his aforesaid indorsement thereon to the clerk until August 3d. Although the defendant's attorney was given until August 31st in which to file his brief, the justice was not compelled to wait until that time before he gave his decision, provided the defendant filed his brief prior thereto, which it appears he did on August 3d. What action was taken by the clerk thereon, as we have already seen, does not appear. There is nothing in the amended return, nor in the original return, to show that a judgment was ever entered, other than of July 23, 1907, and the defendant's appeal from that judgment is too late.

The appeal should therefore be dismissed, with $10 costs. All concur.