### ABRAHAMS v. GOODMAN MORTGAGE & REALTY CO.

(Supreme Court, Appellate Term. February 9, 1911.)

JUDGMENT (§ 951*)—FORMER JUDGMENT—EVIDENCE.

    The judgment in a former action, relied on as res judicata, or a copy thereof, must be offered in evidence, in order to support the plea.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. § 951.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Fannie Abrahams against the Goodman Mortgage & Realty Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Charles S. Rosenthal (Jacob I. Bernian, of counsel), for appellant. Arthur G. Fuchs, for respondent.

HENDRICK, J. The defendant leased the premises known as No. 133 Eldridge street, in this city, and the plaintiff was a subtenant, having leased a portion of said premises for one year. After the plaintiff had paid three months' rent, she was deprived of her possession, by reason of the defendant being dispossessed of the entire building for nonpayment of rent. The issue at the trial was whether plaintiff leased her part of the premises from Abraham Goodman, the president of the defendant, personally, or whether her lease was with the defendant. The defendant claimed that it sublet a portion of the demised premises to Goodman individually, and that Goodman sublet a portion of his premises to the plaintiff. All the transactions regarding the mak-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing of the lease were had with Goodman. It seems that the Goodman Realty Company is composed of Abraham Goodman and his wife and one other party, who owns 30 shares of the stock.

There was sufficient evidence to raise the question of fact as to whether the lease was made with Abraham Goodman individually, or with him acting for the defendant company. The trial justice, however, did not pass upon this question, but gave a judgment in favor of the defendant, upon the ground, as stated by him, that a similar action between the same parties for the same cause of action had been previously decided against the plaintiff by another justice. The judgment roll in the prior action was not offered nor received in evidence, and is not attached to the record. "A claim that a former judgment is res adjudicata will not be considered, unless the judgment in the former action between the parties, or a copy thereof, appears in the record." Orvis v. Curtis, 11 Misc. Rep. 418, 32 N. Y. Supp. 1147.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.