EISBERG v. CORNELL et al..

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

JUDGMENT (§ 237*)—DISMISSAL BY CONSENT OF A DEFENDANT—EFFECT.

Where an action was discontinued by consent on the trial as to a defendant, no judgment could run either for or against him, and where he desired costs against plaintiff, he should enter an order of discontinuance, with a provision for costs.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 415, 418–421, 429; Dec. Dig. § 237.*]

Appeal from Trial Term, New York County.

Action by Charles Eisberg against Charles G. Cornell, Jr., and Howard Willets, copartners doing business under the firm name of Cornell & Underhill, and Samuel Weil. From a judgment of dismissal after a trial, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles Waldron Clowe, of New York City, for appellant.
B. L. Pettigrew, of New York City, for respondents.

SCOTT, J. We are of the opinion that the complaint was rightly dismissed as against the defendants Cornell and Willets. It was erroneous, however, to enter a judgment for costs in favor of the defendant Weil. The record shows that as to him the action was discontinued by consent on the trial. That eliminated him from the action, and thereafter no judgment could run either for or against him. If he desired costs against the plaintiff, to which he probably was entitled, he should have entered an order of discontinuance containing a provision for such costs.

The judgment must be modified, by striking out so much thereof as awards costs to the defendant Weil against the plaintiff, and, as modified, affirmed, with costs to the respondents Cornell and Willets. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes