**ANDERSON v. A. E. NORTON, Inc.**

(Supreme Court, Appellate Term, First Department.    April 3, 1916.)

1. DISMISSAL AND NONSUIT ⊚⟹39—MOTION—ORDER.

A motion to discontinue is properly for leave to discontinue, and the proper order thereon is one allowing a discontinuance on payment of costs, if imposed; and hence a judgment that the action be discontinued, with costs, was without warrant in law.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 66; Dec. Dig. ⊚⟹39.]

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. DISMISSAL AND NONSUIT** ☞60(1)—**GROUNDS**—**WANT OF PROSECUTION.**
 Where plaintiff, after his motion to discontinue and an order thereon, fails to take proper steps or proceed in the action, the defendant's remedy is by motion to dismiss the complaint for want of prosecution.
 [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 145, 146, 150, 151; Dec. Dig. ☞60(1).]

Appeal from City Court of New York, Special Term.

Action by David Anderson against A. E. Norton, Incorporated. From an order denying plaintiff's motion to correct the clerk's minutes on the trial, and to vacate a judgment that the action be discontinued, plaintiff appeals, and from the judgment he also appeals. Order reversed, judgment vacated, and appeal from judgment dismissed.

Argued March term, 1916, before LEHMAN, WHITAKER, and PENDLETON, JJ.

Francis X. McCollum, of New York City (Francis X. McCollum and William P. McCool, both of New York City, of counsel), for appellant.

Amos H. Stephens, of New York City (Robert B. Cumming, of New York City, of counsel), for respondent.

PENDLETON, J. This is an appeal by the plaintiff from an order denying plaintiff's motion to correct the clerk's minutes on the trial by substituting for the words "Discontinued, with costs," the words "Juror withdrawn; mistrial," and to vacate the judgment, which adjudged that the action be and is discontinued, with costs taxed at $68.12, and also an appeal from the judgment.

The action is brought under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204) for damages for personal injuries. There is a controversy as to what took place at the trial—plaintiff claiming his motion to withdraw a juror was granted; defendant, that the motion was for leave to discontinue, and was granted, with costs. No formal order on the motion, whatever it was, was entered; but on the clerk's minutes, containing the entry "Discontinued, with costs," after costs had been taxed over plaintiff's objection, judgment was entered whereby it was adjudged that the action be and hereby is discontinued, with costs, and that the defendant recover of the plaintiff the sum of $68.12 costs, as taxed, and have execution therefor. The motion was then made by the plaintiff, upon which the order appealed from was made.

[1, 2] Among the moving papers is a transcript of the stenographer's minutes taken at the time, which indicate that plaintiff's version of what took place is correct, and contains no mention of a discontinuance. The motion was referred by the justice at Special Term to the justice before whom the trial was had. He denied the motion, filing a memorandum in which he states that he remembers the facts, and that plaintiff moved for a withdrawal of a juror, and, without waiting for a decision, moved to discontinue, which was granted, with costs. This is not in accord with the stenographer's notes or the

affidavits submitted by either party, and is apparently based solely on the personal recollection of the learned justice some two months after the event.

Assuming, however, that his recollection is controlling, the motion to vacate the judgment should have been granted as without warrant to law. Hyde v. Anderson, 112 App. Div. 76, 98 N. Y. Supp. 62. Motion to discontinue is properly for leave to discontinue, and the proper order thereon is one allowing a discontinuance on payment of costs, if such terms are imposed. If plaintiff fails thereafter to take the proper steps or proceed in the action, defendant's remedy is by motion to dismiss the complaint for want of prosecution. There is no authority for entering a judgment such as here. It should have been set aside on the motion.

Order reversed, with $10 costs and disbursements, and judgment vacated, with $10 costs. Appeal from judgment dismissed, without costs. All concur.