(95 Misc. Rep. 194)

### BIEN v. NATIONAL SURETY CO.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

APPEAL AND ERROR ☞105—APPEALABLE ORDERS—EFFECT OF DISMISSAL—JUDGMENT.

Plaintiff requested leave to discontinue an action, and the trial justice signed an order that plaintiff might discontinue upon payment of taxable costs. The clerk thereupon entered in the docket book notations, "Discontinued on motion of plaintiff," and "Disbursements taxed and allowed." On motion thereafter made, the court made an order striking out the taxation of disbursements. *Held*, that these entries did not constitute a judgment, from which an appeal by defendant would lie; the clerk being a mere ministerial officer, without power to enter judgment, and an order granting leave to discontinue being one on which no judgment can be entered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717–723; Dec. Dig. ☞105.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Franklin Bien against the National Surety Company. From a purported judgment bringing up for review an order granting plaintiff's motion for retaxation of costs, defendant appeals. Appeal dismissed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Mervyn Wolff, of New York City (Benjamin Jaffe, of New York City, of counsel), for appellant.

Franklin Bien, of New York City, pro se.

GUY, J. The facts in this case are not disputed, and it involves a question of practice only. The action was brought to trial, and it seems the only material question was one of law. The case was submitted, and the trial justice reserved his decision. Before a decision was rendered the plaintiff asked leave to discontinue the action, and the trial justice made and signed an order, the material portion of which reads as follows:

"Upon the foregoing papers this motion is granted and the plaintiff is allowed to discontinue upon payment of taxable costs."

The summons was also indorsed:

"Discontinued on payment of taxable costs.    March 11, 1916."

This order was entered on the day it bore date, and the clerk thereupon entered in the docket book kept by him the following:

"1916.  Mch. 11.  Discontinued on motion of plaintiff.  $20 costs.
                  Trial fee paid.  See memo.
   "       "   15.  Disbursements taxed and allowed, $8.00."

By motion made by the plaintiff and returnable on April 11, 1916, the court below made an order "striking out the taxation of $8 disbursements and retaxing bill accordingly." The clerk thereupon made this entry in the docket:

"1916.  Apr. 11.  Disbursements retaxed disallowing the $8 disbursements as
                  taxed by clerk."

This is all that appears in the record before us. Characterizing these entries as a "judgment," the defendant appeals therefrom, and seeks a review of the last-mentioned order, which strikes out the clerk's allowance of disbursements from the bill of costs. The plaintiff moves to dismiss the appeal, upon the ground that no judgment as yet has ever been entered.

In this position we think the plaintiff is correct. The order granting leave to discontinue was upon condition that plaintiff pay the taxable costs. Upon such an order no judgment can be entered. Hyde v. Anderson, 112 App. Div. 76, 98 N. Y. Supp. 62.

"Motion to discontinue is properly for leave to discontinue, and the proper order thereon is one allowing a discontinuance on payment of costs, if such terms are imposed. If plaintiff fails thereafter to take the proper steps or proceed in the action, defendant's remedy is by motion to dismiss the complaint for want of prosecution. There is no authority for entering a judgment." Hyde v. Anderson, supra; Anderson v. Norton (Sup.) 158 N. Y. Supp. 152.

Under the terms of the order in the present case, the defendant undoubtedly had a right to tax his costs, leaving the plaintiff to pay such costs or refuse to proceed, when a proper judgment of dismissal could be entered, the costs taxed thereunder, and a review had by the court below, or upon appeal by the aggrieved party. The entries in the docket book do not constitute a judgment. The clerk is a mere ministerial officer, and can only act upon the direction of the court. He was given no authority to enter a judgment, and his entries were merely in the routine of his duty to keep a record of the proceedings. He

cannot enter a judgment of his own motion. He must have either oral or written directions from the justice who tried the case. Collins v. Davis (Sup.) 114 N. Y. Supp. 792. Indorsement of the decision of the trial justice on the papers in the case is not rendering judgment. Dalton v. Loughlin, 4 Abb. N. C. 187; Collins v. Davis, supra. See, also, section 1236 of the Code of Civil Procedure.

Appeal dismissed, with $10 costs. All concur.