(95 Misc. Rep. 556)

### LEVY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

1. COURTS ⟨⟩190(4)—MUNICIPAL COURTS—REVIEW—APPEAL FROM JUDGMENT —SUBSEQUENT ORDERS.

Under Municipal Court Code (Laws 1915, c. 279) § 155, a notice of appeal brings up, not only the judgment, but also any order entered subsequent to the judgment and specified in the notice of appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⟨⟩190(4).]

2. COURTS ⟨⟩189(9)—MUNICIPAL COURTS—PROCEDURE—STATUTE.

Under Municipal Court Code, § 15, the Supreme Court practice regarding the right to discontinue a case applies to the Municipal Court, since the Municipal Court Code does not otherwise provide.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⟨⟩189(9).]

3. DISMISSAL AND NONSUIT ⟨⟩12—VOLUNTARY—RIGHT TO DISCONTINUE.

A suitor may ordinarily discontinue an action at any time.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 27; Dec. Dig. ⟨⟩12.]

4. DISMISSAL AND NONSUIT ⟨⟩40—VOLUNTARY—ORDER.

On a motion to discontinue, the proper practice in the Supreme Court is to enter an order of discontinuance, but no judgment is entered.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 67; Dec. Dig. ⟨⟩40.]

5. COSTS ⟨⟩48—VOLUNTARY DISMISSAL.

Under Municipal Court Code, § 164, subds. 1, 7–9, the awarding of costs upon plaintiff's discontinuance is not discretionary, but is fixed by statute, and should be taxed by the clerk.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 129, 192–210; Dec. Dig. ⟨⟩48.]

6. COSTS ⟨⟩276—VOLUNTARY DISMISSAL—DISCONTINUANCE—PAYMENT OF COSTS.

Under Municipal Court Code, § 125, a plaintiff cannot proceed until he has paid the costs taxed upon his discontinuance of the action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. ⟨⟩276.]

7. COURTS ⟨⟩189(9)—MUNICIPAL COURT—INVOLUNTARY NONSUIT—WANT OF PROSECUTION.

A discontinued case, in which plaintiff has not paid the costs, may be dismissed under Municipal Court Code, § 126, providing for dismissal for want of prosecution when a case has been on the reserve calendar for over six months.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⟨⟩189(9).]

8. APPEAL AND ERROR ⟨⟩151(1)—HARMLESS ERROR—JUDGMENT.

A judgment for costs upon plaintiff's discontinuance, though irregularly entered, does not prejudice the defendant, nor give him any standing to appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 947; Dec. Dig. ⟨⟩151(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Alexander O. Levy against the Metropolitan Life Insurance Company. From a judgment dismissing the complaint without

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prejudice, and from an order denying defendant's motion to set aside the judgment and dismiss the complaint upon the merits, defendant appeals. Appeal dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Butcher, Tanner & Foster, of New York City (James N. Luttrell, of New York City, of counsel), for appellant.

Ellis V. Levy, of New York City, for respondent.

GUY, J.   The record in this case shows: That the parties went to trial upon April 26, 1916.   That after the testimony on both sides had been given, and both parties had rested, the defendant moved to dismiss the case upon the merits.   After some discussion between the court and the attorneys for the respective parties, the plaintiff's attorney said, "I will discontinue the case, if your honor please."   The defendant's attorney said he did not think the plaintiff could discontinue "after the case was in and both sides have rested."   The court, however, granted the motion to discontinue, and subsequently, by direction of the trial justice, a judgment was entered dismissing the complaint without prejudice to a new action, with costs against the plaintiff and in favor of the defendant.   The defendant then moved to have the judgment set aside and also the order dismissing the complaint without prejudice to a new action, and to have an order entered dismissing the complaint upon the merits.   This motion was denied, and an order amending the first order was entered.   The defendant appeals from the judgment and the two orders.

[1] The plaintiff claims in his brief that the defendant has appealed from a nonappealable order only, but the notice of appeal states that it is from "the decision and judgment" entered, etc.   The notice of appeal also refers to the subsequent orders, and therefore brings up for review any order entered after the entry of the judgment and specified in the notice of appeal.   Section 155, Municipal Court Code.

Under the provisions of section 248 of the former Municipal Court Act (Laws 1902, c. 580), a judgment that the action be dismissed, with costs and without prejudice to a new action, could be entered when the plaintiff voluntarily discontinued the action before it was finally submitted.   This provision has not been carried into the Municipal Court Code.   Section 119 of the Municipal Court Code, which declares that the justice must render his judgment within 14 days from the time when the case is "submitted, for that purpose," has no application to the time when an action may be discontinued.   There seems to be nothing in the Municipal Court Code which determines when an application for leave to discontinue an action may be granted.   Section 125 of the Municipal Court Code, which superseded section 248 of the former act, is silent upon that subject.   Section 1182 of the Code of Civil Procedure declares that in an action tried before a jury it is not necessary to call the plaintiff, when the jury are about to deliver their verdict, and that in such an action the plaintiff cannot submit to a nonsuit "after the cause has been committed to the jury to consider their verdict."

[2, 3] In the absence of any express provision in the Municipal Court Code, the practice in the Supreme Court would apply.   Section

15, Municipal Court Code. In the case of In re Butler, 101 N. Y. 307, 4 N. E. 518, it was held that ordinarily a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are no concern of the court. See, also, Harrigan v. Prendergast, 94 Misc. Rep. 151, 157 N. Y. Supp. 1086. It has been held that on a motion for leave to discontinue the proper practice is to enter an order of discontinuance on payment of costs, if such terms are imposed, and that no judgment can be entered upon such an order (Hyde v. Anderson, 112 App. Div. 76, 98 N. Y. Supp. 62; Anderson v. Norton, 158 N. Y. Supp. 152; Bien v. Nat'l Surety Co., 159 N. Y. Supp. 194, Appellate Term, May, 1916, not yet officially reported), and that if the plaintiff failed thereafter to take the proper steps or to proceed with the action the defendant's remedy was to move to dismiss the complaint for failure to prosecute.

[4] In the Municipal Court Code there is no provision made for the dismissal of the action for failure to prosecute, except when the case has been upon the reserved calendar for more than six months. Section 126, Municipal Court Code. What, then, is the remedy of a defendant when the plaintiff has been allowed to discontinue his action? Such leave is granted upon motion and must result in an order. Upon such an order no judgment can be entered. Hyde v. Anderson, supra.

[5] Section 164, subd. 9, provides that, where a plaintiff discontinues before trial, costs shall be awarded to the defendant, as provided in subdivision 8 of that section, and that, where the plaintiff discontinues during trial, costs shall be awarded as provided in subdivision 7 of that section. Subdivision 7 of that section refers to subdivision 1 of section 164, and subdivision 1 provides for costs to the defendant at rates graded according to the amount of recovery. Costs upon a discontinuance of a plaintiff, either before or after trial, are therefore not discretionary with the justice, but are fixed by the statute, and when, therefore, a plaintiff is allowed to discontinue his action, costs should be taxed by the clerk. Bien v. Nat. Surety Co., supra. We do not decide whether or not an execution could be issued thereon, under the provisions of section 779 of the Code of Civil Procedure. See section 3347, subd. 6, Code of Civil Procedure.

[6-8] All subsequent proceedings on the part of a party who is required to pay the costs of either a judgment or an order are automatically stayed, until their payment, by section 125, Municipal Court Code, and the plaintiff in such a case could not proceed with a new action until such payment was made. Unless such costs were paid, the right to dismiss under section 126 would eventually accrue. In the case at bar a judgment was entered in favor of defendant. When the plaintiff moved to dismiss, the defendant did not state that he would be prejudiced in any way by the discontinuance of the action. The plaintiff does not appeal from the judgment so entered against him, and the defendant has no cause of complaint.

The court below had no discretion as to imposing terms and was compelled to allow the discontinuance under the circumstances. If the judgment is irregularly entered, the defendant is not injured, and has no grievance, nor any standing to appeal from the judgment.

Appeals dismissed, without costs. All concur.