PURE OIL COMPANY, Respondent, v. CLAUDE CARTER, Appellant, and Another, Defendant, Copartners, etc.— Judgment of the County Court of Nassau county reversed, with costs, and order of discontinuance appealed from modified so as to provide that plaintiff's motion to discontinue be granted upon payment of taxable costs and disbursements to and including the trial in December, 1918, within ten days after service of the order; otherwise, that the motion for leave to discontinue be denied, with ten dollars costs, and as so modified the order is affirmed, without costs. The judgment of discontinuance, with ten dollars costs, was unauthorized. (Code Civ. Proc. § 779; *Hyde* v. *Anderson*, 112 App. Div. 76; *Anderson* v. *Norton*, 158 N. Y. Supp. 152; *Eisberg* v. *Cornell*, 154 App. Div. 885.) The jurisdictional issue having been duly presented by the pleadings, and plaintiff's attorney stating in his affidavit on the motion that at the time the case was brought on for trial he knew he could not meet said issue and did not know where defendant Hayes resided, he should have appreciated the fact that the County Court had no jurisdiction of the action or of the appellant. (Code Civ. Proc. § 340, subd. 3.) The defendant, appellant, was compelled to defend the action and to go to trial to the end of plaintiff's case. Upon the renewal of the motion to dismiss, plaintiff was permitted to withdraw a juror without terms, and a month later to discontinue the action on payment of ten dollars costs. In this case we feel that we must review the discretion of the learned trial judge and award the defendant, appellant, the additional

costs to which he was entitled on plaintiff's motion to discontinue. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.