FREDERIC W. SIM and Others, Plaintiffs, *v.* D. STERRETT PINDELL, Defendant.

Supreme Court, Rensselaer County, July 10, 1931.

*Thomas O'Connor*, for the plaintiffs.

*Levi T. Fetzer*, for the defendant.

McNamee, J. A former action brought by this defendant against these plaintiffs came to trial at the Rensselaer Trial Term, and was moved for trial by the defendants in that action, the plaintiffs here. Thereupon the plaintiff in that action moved to discontinue, " on payment of costs to date." The defendants in that action opposed the motion, but their opposition failed, and an order was made February 6, 1930, on the motion of the plaintiff therein, absolute in form, discontinuing the action, granting taxable costs to the defendants and also such additional allowance as should be thereafter allowed on application therefor, and also restraining the plaintiff in that action from proceeding on his *claim* until the costs were paid. The order was entered by the defendants in that action and served on the plaintiff. The plaintiff in that action appealed from the order, failed to prosecute the appeal, and the same was dismissed. The plaintiff in that action did not move to vacate or modify the order, and has not moved the case for trial, or taken any other proceedings, although more than sixteen months have passed since the order was served upon him. By appealing from the order the plaintiff in that action recognized its binding force upon him; and by failing to prosecute the appeal, or otherwise move against the order, and by not moving the case for trial, the plaintiff in that action elected to accept the terms of the order, and it has now become the law of the case.

There is authority for the contention that a motion to discontinue is properly a motion for *leave to discontinue*, and if such moving plaintiff does not accept the terms upon which discontinuance is permitted, he may refuse to comply with the terms and proceed with the action. (*Anderson* v. *Norton*, 158 N. Y. Supp. 152; *Society of N. Y. Hospital* v. *Coe*, 15 Hun, 440; *Hyde* v. *Anderson*, 112 App. Div. 76.) Clearly the correct practice is to move for a leave to discontinue, comply with the terms, if acceptable, and then enter the order of discontinuance; and if the terms are not acceptable, give notice of election not to accept them, and proceed with the action.

The plaintiff in that action who is the defendant here, gave no evidence of a refusal to elect, except to serve a notice of appeal. In that proceeding he not only recognized the binding force of the order, but later he abandoned the appeal, thus indicating that he elected to accept the order as made. And he having moved for leave to discontinue " upon payment of costs to date," necessarily included in the contemplated costs the extra allowance which was forecast in the order of discontinuance and subsequently allowed. (*Society of N. Y. Hospital* v. *Coe*, 15 Hun, 440, 441, 442.)

The plaintiff in that action availed himself of the benefit of avoiding a trial, or a dismissal of the complaint, and continued to enjoy that advantage for more than a year. It cannot be that a plaintiff who secures an order of discontinuance upon his own motion, when forced to go to trial or submit to a dismissal, and then when a year has passed without a compliance with the terms of the order, may treat the order as a nullity. Such a practice would permit a plaintiff to play fast and loose not only with his adversary but with the court.

The answer raises no question as to the validity of the complaint as such; nor is the practice of the plaintiff in this action, in bringing an action to recover the various items of costs, questioned in the answer; although the better if not the correct practice would have been to move for a dismissal of the complaint in the former action, and thus secure a judgment for the costs claimed here. In other words, there is no application for relief before the court because of the insufficiency of the complaint, or because this plaintiff has not stated a cause of action, apart from the attack on the order of discontinuance.

The answer of the defendant here admits all of the allegations of the complaint, except paragraph 4 which states the conclusion that the defendant is indebted by reason of said orders. The answer does not contain any defense of payment. The " separate and complete defenses," so called, set up in the answer present only questions of law; and the allegation that the defendant has " elected to proceed with the aforementioned action," is likewise a question for the court. The answer is clearly sham and frivolous, and alleges no fact in conflict with the cause of action stated in the complaint, and thus there is no issue to try. The answer of the defendant should be stricken out and judgment for the plaintiffs directed on the pleadings.

An order may be entered accordingly.